**NORTH AMERICAN ROCKWELL and Pacific Indemnity Company, Petitioners,**

v.

**Zelma MATTHEWS, Respondent.**

No. 45555.

Supreme Court of Oklahoma.

May 1, 1973.

Rhodes, Hieronymus, Holloway & Wilson by Ben A. Goff, Oklahoma City, for petitioners.

Stipe, Gossett & Stipe by Clyde Stipe, McAlester, for respondent.

BERRY, Justice:

The insurer of the employer furnished claimant medical care for an injury sustained December 12, 1968, within the purview of the Workmen's Compensation Law, during the interval from the date of injury to November 19, 1969, when claimant was apparently discharged with a permanent partial disability evaluation. Claimant sought authorization for further medical treatment, by Dr. P., a medical practitioner of her choice. Claimant testified that the employer's insurer, through its agent, Mr. West, agreed to defray the expense of treatment by Dr. P. The claim adjuster, Mr. West, testified that the authorization for treatment of claimant by Dr. P. was conditioned upon the success of treatment and

no liability was assumed unless a full, one hundred percent, recovery was effected.

The defense is failure by claimant to make claim within the one year interval prescribed by 85 O.S.1971 § 43. The appealed order awarded temporary total disability only.

The issue is whether the authorization of medical care tolled the running of the period of limitation. Other issues and ramifications abound but are not pertinent to the issue of limitation.

The duty of the employer is fixed by the statute 85 O.S.1971 § 14, as being to "provide for an injured employee such medical, surgical or other attendance or treatment * * * for such time * * * as in the judgment of the Court may be required."

 Concerning the colloquy between claimant and Mr. West on January 14, 1970, wherein claimant was authorized to become the patient of Dr. P., there is little dispute and the disparity is of no consequence. Claimant testified Mr. West agreed on behalf of the insurer to defray the expense of treatment by Dr. P. "if it is cured." Mr. West's version of the conversation asserts a conditional undertaking to defray the expense of treatment by Dr. P. which became operative only if claimant attained one hundred percent recovery. In any event the doctor-patient relationship was authorized on January 14, 1970, and continued until after April 1, 1970. The qualification essayed by insurer does not impeach the fact of authorization and the authorization of treatment tolls the limitation period, whether insurer has yet defrayed the expense or refused to do so. The duty imposed on an employer by 85 O.S.1971 § 14, is clear and gives neither the employer nor his insurer a privilege of speculation. The authorized treatment of claimant by Dr. P. unquestionably continued to a time less than one year before April 1, 1971, when claim was made. The determination by the trial court that the claim was timely asserted under 85 O.S.1971 § 43, is correct.

Responsibility for payment for the services of Dr. P. are for determination by the trial court upon proper submission of that question. Petitioner urges the uncontested fact that it has paid nothing to Dr. P. for claimant's treatment and has therefore not furnished treatment to toll the limitation statute.

Petitioner sought no relief before the trial court relative to the need for additional treatment but undertook to exercise unilaterally, the function of the trial court under 85 O.S.1971 § 14. Bethlehem Supply Co. v. Armbrister, Okl., 316 P.2d 588; California Company v. State Industrial Court, Okl., 350 P.2d 957; Lee Way Motor Freight v. Pritchard, Okl., 301 P.2d 196.

Award sustained.

All the Justices concur.