**Dale Oren HADLEY, Petitioner,**

v.

**AMERICAN GENERAL LIFE INSURANCE CO., Northern Insurance Co. of New York, and Workers' Compensation Court, Respondents.**

No. 56492.

Court of Appeals of Oklahoma, Division No. 2.

July 28, 1981.

Rehearing Denied Aug. 28, 1981.

Certiorari Denied Sept. 28, 1981.

Released for Publication by Order of Court of Appeals Oct. 2, 1981.

Jack Gray, Oklahoma City, for petitioner.

Richard F. Berger, Oklahoma City, for respondents.

BACON, Presiding Judge.

In this workers' compensation case we are asked to decide whether the one-year limitation period in which to file a claim runs from the last date medical treatment is given or from the date the payment for medical treatment is actually made. The court en banc affirmed the trial judge, who determined the one-year limitation period runs from the date of treatment. We affirm.

**I**

Claimant, Dale Oren Hadley, was injured on November 8, 1978, and subsequently received emergency room medical treatment on November 16, 1978. The respondent, American General Life Insurance Co., paid the medical bill on April 25, 1979. Claimant filed his claim on January 18, 1980. The trial judge held that the claim was barred by the one-year statute of limitations. The court en banc affirmed.

Claimant appeals stating: "The salient issue is whether the payment of a medical bill on April 26, 1979 for emergency room treatment by the Workers' Compensation carrier for treatment rendered on November 16, 1978 extends the statute of limitations one year from date of payment by the Workers' Compensation carrier."

The applicable statute is 85 O.S.1978 Supp. § 43, which reads in part:

"The right to claim compensation under the Workers' Compensation Act shall be forever barred unless, within one (1) year after the injury or death, a claim for compensation thereunder is filed.... Provided, however, claims may be filed at any time within one (1) year from the date of last payment of any compensation or remuneration paid in lieu of compensation or within one (1) year from last authorized medical treatment...."

Under claimant's proposition it is argued that medical treatment is "payment in lieu of compensation" as that term is used in § 43. Claimant cites several cases to support his proposition.[1] He argues these cases hold that by *paying for* the medical treatment respondent was making payment in lieu of compensation. However, a reading of those cases discloses that it is the *furnishing* or authorizing of medical treatment that amounts to "payment in lieu of compensation." Those cases do not mention the actual payment for the treatment as being "payment in lieu of compensation."

It must be remembered that statutes of limitation are designed to bar stale claims.

1. *Smedley v. State Industrial Court*, Okl., 562 P.2d 847 (1977); *North American Rockwell v. Matthews*, Okl., 509 P.2d 904 (1973); and *Spicer's, Inc. v. Burk*, Okl., 261 P.2d 222 (1953).

In workers' compensation cases, if a claimant does not file a claim within one year from the time of injury or last medical treatment, one can easily say the claim is stale and that claimant did not desire to file a claim. We think if the legislature had intended the one-year period to run from the time the last dollar was paid for medical treatment it could have easily and, indeed, would have said so in § 43. Section 43 clearly says one year "from last authorized medical *treatment*," and not one year from the payment for that treatment. For us to interpret § 43 to mean one year from payment for the treatment would be to write into that statute something that clearly was not intended.

We conclude that the statute of limitations runs from the time of the treatment or the time treatment is authorized and not from the time payment for the treatment is actually made.

II

Claimant next argues respondent and its insurance carrier are "estopped from denying the validity of the claim." In this regard claimant urges respondent waived its right to claim the statute of limitations had run because respondent did not raise the statute of limitations in the first answer it filed. The record reflects that respondent did raise the defense, without objection, subsequent to the first answer and prior to trial, not only by filing a Form 10 but also by amending its answer.

As a second argument that respondent waived the statute of limitations defense, claimant asserts respondent's "conduct . . . has always been as if this were a compensable claim." Suffice it to say the record shows respondent has denied and resisted the claim and has not treated it as a compensable claim.

We, therefore, find no merit to claimant's second proposition that respondent is estopped to deny the validity of the claim. Nor do we find that it has waived the defense of the statute of limitations.

Affirmed.

BOYDSTON, J., concurs.

BRIGHTMIRE, J., not participating.