Paul D. McGHEE, Claimant,

v.

OKLAHOMA METAL HEAT TREATING, Respondent,

and

Liberty Mutual Insurance Company, Insurance Carrier.

No. 56681.

Court of Appeals of Oklahoma, Division No. 1.

April 19, 1982.

Rehearing Denied March 9, 1982.

Certiorari to Court of Appeals Denied April 19, 1982.

Approved for Publication by Order of the Supreme Court April 23, 1982.

Gary G. Prochaska, Oklahoma City, for claimant.

W. Jeffrey Dasovich, Oklahoma City, for respondent and Ins. carrier.

WILSON, Presiding Judge:

This workers' compensation case involves a statute of limitation problem. The specific issue is whether the limitation statute was tolled or waived when the claimant, within one year of his injury and at the suggestion of his employer's insurance carrier, went to his own doctor who performed a medical examination but prescribed no medication or therapy or other measures.

Claimant Paul McGhee, an employee of Oklahoma Metal Heat Treating sought compensation for a leg injury he suffered at work on June 19, 1978 when he was run into by a forklift. His employer rushed him to the hospital and then paid his medical bills, but no formal compensation award was sought at the time. Nearly a year later, claimant McGhee's leg was still bothering him so he called the employer's insurance carrier, Liberty Mutual, to see what to do about it and was told to go to a doctor before the year following his injury was up. Accordingly, he visited his family physician, Dr. S., on June 4, 1979, some two weeks before the anniversary of his injury. Dr. S. examined the leg, noted an atrophied indentation where the muscle had been cut, and suggested keeping an eye on it. Insurer Liberty Mutual later paid for this visit.

Thinking he had done everything necessary to preserve his claim, Mr. McGhee waited almost another year before filing his Form 3 on June 2, 1980. Employer and

insurer raised a statute of limitation defense. The trial judge agreed that the limitation period had run and thus denied the claim. On appeal to the three-judge review panel, the denial was affirmed on a vote of 2-to-1. The claimant now petitions for review of the decision, asserting that his claim was timely filed because the statute of limitation was tolled. We agree.

The statute in effect at the time of this injury was 85 O.S.Supp.1977, § 43, which provided in pertinent part:

"The right to claim compensation under this act shall be forever barred unless within one (1) year after the injury or death, a claim for compensation thereunder shall be filed with the commission. Provided, however, claims may be filed at any time within one (1) year from the date of last payment of any compensation or remuneration paid in lieu of compensation."

The proviso has since been expanded to permit the filing of claims "within one (1) year from last authorized medical treatment." 85 O.S.Supp.1980, § 43.

Even before this revision, however, the Oklahoma Supreme Court often held that the statute was tolled or waived when the employer or its insurer sent the worker to a doctor in connection with the injury. *Smedley v. State Industrial Court*, 562 P.2d 847 (Okl.1977); *National Zinc Co. v. Van Gunda*, 402 P.2d 264 (Okl.1965); *Indian Drilling Mud Co. v. McGrew*, 311 P.2d 247 (Okl.1957). The rationale of this rule is that such acts by the employer or insurer show "a conscious recognition of liability for the disability to the employee resulting from a compensable accidental injury under the Workers' Compensation law." *Smedley v. State Industrial Court, supra*, syllabus 1.

In our case, the employer and insurer assert, as they did successfully below, that a medical "examination" does not constitute medical "treatment" and thus the examination Mr. McGhee received here did not toll

the statute. We think this is hairsplitting. The Oklahoma Supreme Court has expressly held that an authorized medical examination tolls the statute the same as actual "treatment." *Hobart Sales and Service v. Harmon*, 369 P.2d 628 (Okl.1962); *California Co. v. State Industrial Court*, 350 P.2d 957 (Okl.1960).[1]

We believe this view is sound because to limit the rule to actual "treatment" in the sense of therapy or medication of other positive measures would lead to absurd results. Suppose, for example, that A and B both get back injuries at work and, within one year and at the direction of their employers, both go to the doctor. A's doctor examines her and tells her there isn't much that can be done for that particular injury but to take aspirin for the pain. B's doctor examines him and gives him the same prognosis but does not prescribe anything. Under the narrow interpretation proposed, only A, who received "treatment," would be able to assert her claim while B, who is just as disabled as A, would have his claim tossed out of court.

Hence, we reject this interpretation and hold, as did the Supreme Court in the cases cited above, that an authorized examination is just as good as authorized "treatment" as far as tolling the statute.

Neither are we bothered by the fact that it was the insurance carrier rather than the employer who told claimant McGhee to get himself to a doctor. The Court in *Smedley, supra*, said the furnishing of medical attention by the employer *or* its insurer was sufficient to toll or waive the statute. Similarly, it was the insurer, not the employer, who authorized the treatment in *North American Rockwell v. Matthews*, 509 P.2d 904 (Okl.1973). This makes sense because, as often as not, it is a representative of the insurance company who deals with the employees and in fact handles the whole workers' compensation procedure.

1. We are aware that later, the Court in *Smedley, supra*, excluded from this rule examinations procured "so as to obtain evidence for use at the [Workers' Compensation Court] hearing." The examination at issue in the case at bar was not procured for this purpose, although subsequent examinations, which resulted in reports favorable to the claimant, were.

Nor do we see any significance in the fact that the claimant went to his own doctor or the fact that this doctor was not the one who originally treated him following the accident. Claimants in several of the cases we've discussed went to physicians of their choice and that did not affect the rule. *E.g., North American Rockwell v. Matthews, supra; National Zinc Co. v. Van Gunda, supra.* Employer and insurer assert that this medical visit was not "follow-up" care so as to fall within the rule of the *Harmon* case, *supra*, because the doctor had not treated the claimant's injury before, but again, we think this is hairsplitting.

All in all, we conclude on the undisputed facts of this case that the claim was timely filed. It was undisputed that the claimant's employer took him to the hospital and paid his bills following the accident. It was undisputed that the insurance carrier later told the claimant to go to a doctor. It was undisputed that the insurance carrier paid this later medical bill. In our opinion, these circumstances revealed, in the words of *Smedley, supra*, "a conscious recognition of liability" for Mr. McGhee's on-the-job injury and thus the one-year limitation period was tolled or waived.

Because the claimant received authorized medical attention within one year of his injury, and because he filed his Form 3 within one year of that, his claim was not barred by the statute of limitation. Therefore, the order is vacated, and the case is remanded to the Workers' Compensation Court for consideration of the claim on the merits.

VACATED and REMANDED.

REYNOLDS and BOX, JJ., concur.