Jimmy L. TAYLOR, Petitioner,

v.

CITY OF OKLAHOMA CITY, Own Risk, and Workers' Compensation Court, Respondents.

No. 68409.

Supreme Court of Oklahoma.

Oct. 3, 1989.

Sidney A. Musser, Jr., Abel, Musser, Sokolosky and Clark, Oklahoma City, for petitioner.

Rose M. Sloan, Oldfield and Coker, Oklahoma City, for respondents.

SIMMS, Justice:

Proceedings to review an order of the Worker's Compensation Court three-judge panel denying recovery under a motion to reopen a claim for change of condition as not timely filed. The Court of Appeals reversed and remanded with instructions. We VACATE the opinion of the Court of Appeals and REINSTATE the Order of the Worker's Compensation Court Review Panel.

The parties will be referred to as Claimant (Taylor), and Respondent (City of Oklahoma City, own risk). Claimant suffered injuries during the course of his employment in late 1981. By order dated November 30, 1982, claimant was awarded permanent partial disability compensation for injuries to the back and neck.

In April, 1986, claimant sought and received additional medical treatment for his injuries. Later, on June 2, 1986, claimant filed his Motion to Reopen on Change of Condition for the Worse accompanied by a medical report which stated that the claimant's condition had worsened. Respondent filed no response to this motion.

A hearing was held in late June. During the close of that hearing, respondent argued that the limitations period for filing

the motion had expired, that petitioner was barred from asserting his claim and the Workers' Compensation Court was without jurisdiction. The Trial Judge ruled that the claimant's back condition had indeed worsened, but that his claim for compensation was time-barred.

Claimant appealed the order to the Worker's Compensation Court three-judge panel, alleging that "[t]he order [was] contrary to the medical and other evidence as presented. . . ." Claimant did not allege error in the court's ruling as to the limitations issue. The order was affirmed by the three-judge reviewing panel of the compensation court, holding the trial judge's order was "not contrary to law nor against the clear weight of evidence."

In an unpublished opinion, the Court of Appeals, Division 4, reversed, ruling that the respondent's failure to raise the limitations question by responsive pleading constituted a waiver of that defense. The cause was remanded with instructions "to enter judgment for increase in disability to the body as a whole based upon [the] finding that Claimant had sustained an increase of 12 [percent] permanent partial disability to the back." We granted certiorari to consider the questions presented on the issue of limitations.

## I.

■ Neither party on appeal suggests that the factual determinations are not supported by competent evidence; our review of this case is limited to questions of law determined by the three-judge review panel of the Worker's Compensation Court. *Parks v. Norman Municipal Hospital*, Okl., 684 P.2d 548, 551 (1984). Limitations

issues, as mixed questions of fact and law, are reviewable by this Court as questions of law. *Munsingwear, Inc. v. Tullis*, Okl., 557 P.2d 899 (1976); see also: *Hadley v. American General Life Insurance Co.*, Okl., 634 P.2d 1326 (1981).

The statute in effect at the time the present dispute was considered by the compensation court is 85 O.S.1981 § 43. The pertinent provisions of that statute state as follows:

*"The jurisdiction* of the Court to reopen any cause upon an application based upon a change in condition shall extend for the maximum period of weeks for which compensation could have been awarded by the Court had the condition of claimant existed at the time original award was made thereon and *unless filed within said period of time,* same *shall be forever barred."* 85 O.S.1981 § 43 (emphasis added).[1]

■ It is not mandatory that a *jurisdictional* issue be raised prior to the hearing on the merits of the claim. Rule 9 of the Worker's Compensation Court Rules only states that "[a]ny party *may* raise a jurisdictional issue and request a hearing thereon in advance of a hearing on the merits." 85 O.S.1981 Ch. 4, App. (emphasis added). By the very terms of section 43, the limitations period cannot be calculated until the trial judge makes the factual determinations that a change of condition has occured and the extent of that change.

## II.

■■ In concluding that the bar of limitations had been waived by the respondent's failure to answer, the Court of Appeals relied upon Worker's Compensation

---

1. Computation of the limitations period for claimant here is as follows:

| | | | |
|---|---|---|---|
| 27% permanent partial disability (per change as found by court on Claimant's motion) | × | 500 weeks = | 135 weeks; |

135 weeks = 2 yrs., 7 months, 21 days;

| | | | |
|---|---|---|---|
| November 30, 1982 (date of original award) | + | [2 yrs., 7 mo., 21 days] | July 21, 1984 (end of limitations period) |

---

See: 85 O.S.1981 §§ 22(3), 43. This statute was amended by 85 O.S.Supp.1986, § 43(C), effective

November 1, 1986, which establishes a fixed statute of limitations of "three hundred (300)

Court Rule 17. The relevant provisions of that rule state:

> "*If liability* upon any claim ... *be denied, respondent* or its insurance carrier *must file an answer* within twenty days from the date the claim is filed.... *Any other matter sought to be denied must be pled* affirmatively *in the answer,* or it shall stand waived. No reply to the answer shall be required." 85 O.S.1981 Ch. 4, App. (emphasis added).

Section 43 is a limitation on the remedy, not the right. *Shank v. Oklahoma Office & Bank Supply,* Okl., 387 P.2d 626 (1963). Rule 17 cannot provide a basis for the requirement that this respondent file an answer in this case. Nor can it be the basis for a determination that the bar of limitations was waived by respondent's failure to file an answer which, itself, was not required. Rule 17 is directed primarily to Form 3 proceedings. These proceedings were held pursuant to a Form 9 Motion for Change of Condition for the Worse. There exists no requirement by Rule or statute that requires a response to Form 9 proceedings.

### III.

Even if we were to accept the Court of Appeals' reasoning, which we cannot, we would still be required to affirm the order of the Worker's Compensation Court review panel.

■ The record shows that, in the claimant's petition for review, claimant only alleged that "[t]he order is contrary to the medical and other evidence as presented; ..." This motion is wholly insufficient under the applicable rule to preserve the limitations issue for review by the panel.

Rule 30 of the Worker's Compensation Court Rules, 85 O.S.1981 Ch. 4, App., states that "[t]he request for review *shall* set forth: ... (3) each *precise* point of law

to be urged as error...." (emphasis added). Further, subpart "G" of that rule states that "[a]ny error not asserted in the request for review *shall* be deemed to have been *waived.*" (emphasis added). The allegations contained in Claimant's request for review that "the evidence, when weighed in its entirety, will show that the order issued is contrary to medical and other evidence as presented" fall far short of the requirement that the request for review contain each precise point of law to be urged as error. Claimant failed to comply with the mandate of Rule 30 and waived the limitations issue for panel review. Since the issue was waived, the panel had no choice but to affirm the trial judge's ruling and it was error for the Court of Appeals to conclude otherwise.

Accordingly, the opinion of the Court of appeals, Division 4, is VACATED; the ruling of the Worker's Compensation Court review panel is Reinstated.

HARGRAVE, C.J., and HODGES, LAVENDER and DOOLIN, JJ., concur.

SUMMERS, J., concurs in judgment.

OPALA, V.C.J., and KAUGER, J., concur in part, dissent in part.

ALMA WILSON, J., dissents.

ALMA WILSON, Justice, dissenting:

I am gravely concerned with the Court's pronouncement today because it condones the implementation of a law which operates *ex post facto* in violation of the United States Constitution[1] and the Constitution of the State of Oklahoma.[2] The application here permits the Court to determine a litigant's percentage of disability and compute a limitations period *after the fact.* In instances such as the one on review, such anomalous procedure unconstitutionally denies due process of law[3] because a litigant's right to bring an action upon change of condition is precluded before he knows

---

weeks [for] injuries to the body or injuries not otherwise scheduled under [85 O.S.Supp.1986, § 22.]"

**1.** *U.S. Const.,* Art. 1, § 9.

**2.** *Okla. Const.,* Art. 2, § 15.

**3.** *U.S. Const.,* Amend. V.
   *Okla. Const.,* Art. 2, § 7.

what limitations period will be applied as to him.

I respectfully dissent.