Shelley Margaret GABLER, Petitioner,

v.

EMBASSY SUITES HOTEL, Royal Insurance Company, and Workers' Compensation Court, Respondents.

No. 75445.

Court of Appeals of Oklahoma, Division No. 2.

March 19, 1991.

Rehearing Denied April 22, 1991.

Certiorari Denied July 9, 1991.

F. Michael McGranahan, Tulsa, for petitioner.

Kevin D. Berry, Rhodes, Hieronymus, Jones, Tucker & Gable, Tulsa, for respondents.

REIF, Presiding Judge.

Employee seeks review of the three-judge panel's reversal of an award of benefits. The panel held that her claim filed January 25, 1989, for an admitted job-related injury of February 1, 1986, was "barred by the two (2) year statute of limitations. 85 O.S. § 43 (1985)."[1] Employee points to uncontroverted evidence that Employer's insurance carrier made a payment on February 5, 1987, for authorized medical treatment, and asserts that this payment tolled the statute of limitations. She contends that she had two years from February 5, 1987, in which to file her claim and that her claim of January 25, 1989, was well within that time period.

In response, Employer argues that the statute of limitations should not be measured from a "random element" such as

---

1. On the date of Employee's injury, the applicable statute of limitations was the amended version of § 43 provided in Laws 1985, ch. 266, § 4, the pertinent part of which is subsection (A) and has remained unchanged through the most recent statutory supplement. *See* 85 O.S.Supp.1990 § 43(A).

payment of medical bills. Employer urges that the claim would be untimely filed if measured from the last authorized medical treatment rendered in October 1986. In contrast, Employee contends that if measured from February 1987, the last payment of that treatment, the claim was timely filed.

Section 43 provides in pertinent part that "a claim may be filed within two (2) years of *the last payment of* any compensation *or* remuneration paid in lieu of compensation *or* medical treatment which was authorized." (Emphasis added.) This plain language leaves no room for interpretation and forecloses the courts from substituting a different event for measuring the statute of limitations than the one specified by the legislature, even if the legislature's choice is "random" and contrary to the majority rule prevailing in other jurisdictions.[2]

The uncontroverted evidence is that "the last payment of ... medical treatment which was authorized" occurred February 5, 1987, and Employee's claim of January 25, 1989, was clearly filed within two years of that last payment. Accordingly, the order of the three-judge panel is erroneous as a matter of law and is reversed. Because the statute of limitations was the only issue tendered by Employer for en banc review of the original award of benefits, the award by the trial court is hereby reinstated.

REVERSED AND REMANDED WITH INSTRUCTIONS TO REINSTATE THE TRIAL COURT'S AWARD OF BENEFITS.

BRIGHTMIRE and MEANS, JJ., concur.

---

**2.** Prior to its amendment in 1985, § 43 expressly provided that a claim could be filed "within one (1) year from last authorized medical treatment." The 1985 amendment deleted this and substituted the language "within two (2) years of the last payment of any compensation *or* remuneration paid in lieu of compensation *or* medical treatment which was authorized." (Emphasis added.)