Johnnie L. **THOMAS** and Jennifer Thomas, Appellees,

v.

**OKLAHOMA ORTHOPEDIC & ARTHRITIS FOUNDATION INC., d/b/a Bone & Joint Hospital, Appellant.**

**No. 82462.**

Supreme Court of Oklahoma.

May 9, 1995.

Rehearing Denied Sept. 25, 1995.

---

Deborah A. Wolfe, William A. Johnson, Oklahoma City, for appellees.

N. Michael Chavez, Del City, for appellant.

KAUGER, Vice Chief Justice:

The question presented is whether the hospital has a valid statutory lien under 42 O.S.1991 § 43[1] against the proceeds of the employee's third-party personal injury suit. We find that the facts here do not support a finding that the hospital has a valid lien against the settlement proceeds of the personal injury suit.

## FACTS

The Oklahoma Orthopedic and Arthritis Foundation, Inc., d/b/a Bone & Joint Hospital (hospital) treated Johnnie L. Thomas (Thomas/employee) for injuries he sustained on March 23, 1989, in a collision with a Burlington Northern Railroad train (railroad) in Grady County, Oklahoma. In June of 1989, Thomas filed a negligence action against the railroad. Attempting to secure

payment of Thomas' $5,263.30 in medical expenses, the hospital, in November of 1989, filed a lien under 42 O.S.1991 § 43[2] against any proceeds Thomas might recover in his suit against the railroad.

After Thomas sought recovery from the railroad and the hospital filed its lien, Thomas filed a claim against his employer on December 20, 1989, for workers' compensation benefits in the Workers' Compensation Court, alleging that the accident was work-related. Although the hospital had notice that the employee filed a workers' compensation claim, it did not file a claim for medical expenses in the Workers' Compensation Court.[3] Subsequently, Thomas and his employer agreed to settle their dispute by joint petition. On April 25, 1990, a hearing on the proposed joint petition settlement agreement was held; and the Workers' Compensation Court approved the agreement. The employer, by the joint petition, agreed to pay the medical expenses which Thomas owed the hospital.[4] The hospital did not partici-

1. Title 42 O.S.1991 § 43 provides in pertinent part:

"Every hospital in the State of Oklahoma, which shall furnish emergency medical or other service to any patient injured by reason of an accident not covered by the Workers' Compensation Act, shall, if such injured party shall assert or maintain a claim against another for damages on account of such injuries, have a lien upon that part going or belonging to such patient of any recovery or sum had or collected or to be collected by such patient ... whether by judgment or by settlement or compromise to the amount of the reasonable and necessary charges of such hospital for the treatment, care and maintenance of such patient in such hospital up to the date of payment of such damages: Provided ... that the lien herein set forth shall not be applied or considered valid against any claim for amounts due under the Workers' Compensation Act in this state."

Because section 43 has remained unamended since its enactment in 1969, references are to the current version. Title 42 O.S.1991 § 44 sets forth the requirements for the filing of notice in order for the lien to be effective. Neither Thomas nor the hospital dispute that the hospital's lien was not effective because the hospital did not comply with § 44.

2. Title 42 O.S.1991 § 43, see note 1, supra.

3. In its brief in chief, the hospital asserts that it did not have notice of any Workers' Compensa-

tion claim filed by Thomas, and that it treated his accident as a liability claim rather than a claim under the Workers' Compensation Act. However, it is undisputed that before Thomas was released from the hospital, he advised the hospital that his employer would pay for his medical charges. Subsequently, the hospital maintained communication with both Thomas and the employer's attorney regarding payment of the charges. The record reflects that, at some point, the hospital was aware that Thomas filed a claim for benefits against his employer in the Workers' Compensation Court. The transcript of the proceedings in the trial court on February 21, 1992, provides in pertinent part at p. 6:

"Mr. Chavez: We weren't noticed of that hearing on the 25th of April.
The Court: Okay. But you did know that it was going on.
Mr. Chavez: We knew that there had been a Form 3 filed, Judge, yes."

4. A review of the joint petition and the transcript from the hearing reveals that the employer, at the time of Thomas' injury, did not have workers' compensation insurance to cover Thomas. According to the transcripts and the joint petition, the employee agreed not to sue the employer in District Court, in exchange for: 1) $5,425.00 for disability; 2) an additional payment of $2,000.00; 3) the employer's agreement to waive any subrogation rights the employer might have in the employee's claim against the railroad or any other party; and 4) the employer's agree-

pate in the joint petition settlement proceedings, nor did it have notice of the hearing.[5]

On May 11, 1990, the railroad settled with the employee for $80,000.00 in exchange for Thomas' dismissal of his negligence suit. Because the hospital asserted a lien against the settlement proceeds, the railroad drafted one check payable to Thomas for $74,737.00 and another check payable to both Thomas and the hospital for $5,263.30, the amount of medical expenses which Thomas owed the hospital. The employee insisted that the hospital release its lien on the settlement proceeds, but the hospital refused.

Thomas filed an action for declaratory judgment in district court naming the hospital.[6] The employee requested that the court find that he was entitled to all of the settlement proceeds he obtained from the railroad which the hospital was asserting a lien against. The hospital counterclaimed, asking the court to find that it had a valid lien against the settlement proceeds under 42 O.S.1991 § 43.[7] Pursuant to their requests for declaratory judgment, both parties filed motions for summary judgment.

The trial court entered summary judgment for Thomas and against the hospital. The hospital appealed and the Court of Appeals held that the proceeds from Thomas' settlement with the railroad could not be impressed with a statutory lien. We granted certiorari on February 28, 1995, to address the question of first impression.

## THE FACTS HERE DO NOT SUPPORT A FINDING THAT THE HOSPITAL HAS A VALID LIEN AGAINST THE SETTLEMENT PROCEEDS OF THE PERSONAL INJURY SUIT.

The employee argues that: 1) 42 O.S.1991 § 43 [8] authorizes a lien only when a patient is injured by reason of an accident not covered by the Workers' Compensation Act, 85 O.S. 1991 §§ 1 et seq. (the Act); 2) because the accident was covered by the Act, the hospital must file a claim in the Workers' Compensation Court to recover for the services it rendered to Thomas; and 3) the joint petition determined that the employer was responsible for Thomas' medical expenses. The hospital asserts that a hospital lien should be allowed under 42 O.S.1991 § 43 when an employee/patient elects to pursue a third-party common law liability claim pursuant to the Workers' Compensation Act, 85 O.S.1991 § 44,[9] because the proceeds of the claim are

---

ment to pay the employee's medical bills which accrued prior to the date of the joint petition. The hospital's charge of $5,263.30 was included in the medical bills which the employer agreed to pay. We note that the joint petition reflects that the employee owed the hospital $5,263.82. However, neither party disputes that this is the same bill which the hospital was attempting to recover by asserting it's lien in the present case. The employer has not paid the hospital for any of the medical services it rendered to Thomas.

5. Although the hospital did not have notice of the joint petition hearing, it is undisputed that the hospital was aware that Thomas filed a claim for benefits against his employer in the Workers' Compensation Court. See discussion note 3, supra.

6. Thomas also sued the hospital for slander of title which was later dismissed.

7. Title 42 O.S.1991 § 43, see note 1, supra.

8. Title 42 O.S.1991 § 43, see note 1, supra.

9. Title 85 O.S.1991 § 44(a) provides in pertinent part:

"If a worker entitled to compensation under the Workers' Compensation Act is injured or killed by the negligence or wrong of another not in the same employ, such injured worker shall, before any suit or claim under the Workers' Compensation Act, elect whether to take compensation under the Workers' Compensation Act, or to pursue his remedy against such other.... If he elects to take compensation under the Workers' Compensation Act, the cause of action against such other shall be assigned to the insurance carrier liable for the payment of such compensation, and if he elects to proceed against such other person or insurance carrier, as the case may be, the employer's insurance carrier shall contribute only the deficiency, if any, between the amount of the recovery against such other person actually collected, and the compensation provided or estimated by the Workers' Compensation Act for such case.... Whenever recovery against such other person is effected without compromise settlement by the employee or his representatives, the employer or insurance company having paid compensation under the Workers' Compensation Act shall be entitled to reimbursement as hereinafter set forth ..."
Because this section has remained unchanged since its last amended version in 1986, references are to the current version.

not compensation under the Act. It insists that there is no provision under the Act which mandates that the hospital must seek its remedy in the Workers' Compensation Court, rather than asserting a lien.

■ The determination of legislative intent controls statutory interpretation.[10] The intent is ascertained from the whole act in light of its general purpose and objective.[11] In construing statutes, relevant provisions must be considered together whenever possible to give full force and effect to each.[12] To ascertain legislative intent we look to the language of the pertinent statutes.[13] There is no basis for a hospital lien in the absence of a statute.[14] Title 42 O.S.1991 § 43 is a specific statute which authorizes a hospital to assert a lien against any money recovered by a patient if the injury occurs "by reason of an accident not covered by the Workers' Compensation Act," and if the patient brings an action against the tortfeasor who caused the person's injuries.[15] The purpose of a hospital lien statute is to lessen the burden on hospitals imposed by non-paying accident cases.[16]

The statute does not distinguish between an action brought by an injured worker against a third-party tortfeasor, who is a stranger to the employment relationship, and an action brought against an employer for workers' compensation benefits. Nowhere in the hospital lien statute is a lien expressly allowed if an injured worker brings an action against a third-party, but prohibited when the action is against an employer for workers' compensation benefits. Rather, the hospital lien statute expressly allows hospital liens if a patient brings an action against the tortfeasor who caused the patient injuries unless the accident is covered by the Workers' Compensation Act. However, the statute does provide that no statutorily created hospital lien is allowed or valid against "any claims for amounts due under the Workers' Compensation Act."[17]

■ An accident which gives rise to personal injuries is covered by the Act unless: 1) an employment relationship does not exist;[18] 2) an employee or an employer is excluded from the Act;[19] or 3) the injury by accident does not arise out of and in the course of employment.[20] The Act operates exclusively to provide the relief afforded and the methods for administering rights and remedies for employers and workers.[21] An injured worker is entitled to proceed against third-party tortfeasors who are strangers to the employment relationship.[22]

10. *Smicklas v. Spitz*, 846 P.2d 362, 366 (Okla. 1992); *Clifton v. Clifton*, 801 P.2d 693, 696 (Okla.1990); *Fuller v. Odom*, 741 P.2d 449, 452 (Okla.1987).

11. *Oglesby v. Liberty Mut. Ins. Co.*, 832 P.2d 834, 839 (Okla.1992); *Smicklas v. Spitz*, see note 10, supra.

12. *Haney v. State*, 850 P.2d 1087, 1089 (Okla. 1993); *Public Serv. Co. of Oklahoma v. State ex rel. Corp. Com'n*, 842 P.2d 750, 752 (Okla.1992).

13. *Tate v. Browning–Ferris, Inc.*, 833 P.2d 1218, 1228 (Okla.1992); *State ex rel. Macy v. Freeman*, 814 P.2d 147, 153 (Okla.1991).

14. *Vinzant v. Hillcrest Medical Ctr.*, 609 P.2d 1274, 1277 (Okla.1980).

15. Title 42 O.S.1991 § 43, see note 1, supra.

16. *Vinzant v. Hillcrest Medical Ctr.*, see note 14, supra. See also, Annot. "Construction, Operation, and Effect of Statute Giving Hospital Lien Against Recovery from Tortfeasor Causing Patient Injuries," 16 A.L.R.5th 262, § 2(a) (1993); and *St. Joseph Hospital v. Quinn*, 241 Md. 371, 216 A.2d 732, 734 (1966) (Recognizing that a hospital lien statute is intended to aid hospitals, where prior to the statute, hospitals could only recover their charges by suit and attachment which was an unsatisfactory and often a completely useless procedure.).

17. Title 42 O.S.1991 § 43, see note 1, supra.

18. *Swafford v. Sherwin Williams*, 863 P.2d 1215, 1217 (Okla.1993); *Coleman v. J.C. Penney Co.*, 848 P.2d 1158, 1160 (Okla.1993); *Brown v. Burkett*, 755 P.2d 650, 651 (Okla.1988).

19. See, Title 85 O.S.1991 §§ 2.1–2.5 and § 3.

20. *Ogg v. Bill White Chevrolet Co.*, 720 P.2d 324, 325 (Okla.1986); *Matter of Death of May*, 586 P.2d 738, 740 (Okla.1978); *Standard Paving Co. v. Newman*, 194 Okla. 166, 147 P.2d 983, 984–85 (Okla.1944).

21. See, Title 85 O.S.1991 §§ 11 and 12.

22. *Huff v. State*, 764 P.2d 183, 187 (Okla.1988); Title 85 O.S.1991 § 44(a), see note 9, supra.

Here, Thomas had two options to pursue—a remedy against the third-party tortfeasor in district court, and a remedy against his employer in the Workers' Compensation Court.[23] When Thomas filed his negligence suit against the railroad, no determination had been made that the accident was covered by the Workers' Compensation Act or that the employer was liable for the payment of the medical services rendered to Thomas. At this juncture, had Thomas settled with the railroad and resolved his negligence suit before he attempted to recover workers' compensation benefits in the Worker's Compensation Court, we might agree with the hospital's general propositions that: 1) it has a right to assert its lien under 42 O.S.1991 § 43 when a worker attempts to recover at common law against a third-party tortfeasor;[24] and 2) there is no provision under the Act which mandates that the hospital must seek its remedy in the Workers' Compensation Court, rather than asserting a lien.[25]

23. The Act does not abrogate, modify, or affect in any way the worker's common law right to exact payment for his or her injuries from a negligent third-party not in the same employ who causes the injuries. *Prettyman v. Halliburton Co.*, 841 P.2d 573, 577 (Okla.1992); *Travelers Ins. Co. v. Leedy*, 450 P.2d 898, 900 (Okla.1969); *Parkhill Truck Co. v. Wilson*, 190 Okla. 473, 125 P.2d 203 (Okla.1942). Pursuant to 85 O.S.1991 § 44, see note 9, supra, if a worker is injured by reason of an allegedly work-related accident and the accident was caused by a third-party's negligence, the injured worker has two possible options to seek recovery of the injuries: 1) the worker may proceed at common law and seek recovery from the third-party in district court; and 2) the worker may attempt to recover workers' compensation benefits from his or her employer in the Workers' Compensation Court. Section 44 provides the procedure for a worker to follow when pursuing a common law remedy against a third-party. If the worker elects to proceed against the third-party, the employer or its insurance carrier is only required to contribute a deficiency, if any, between the amount of recovery actually collected from the third-party and the compensation provided or estimated by the Act. Section 44 is designed to protect employers' and their insurers' rights to be fully subrogated to the injured workers' claims against third-party tortfeasors to the extent of compensation benefits paid to the injured employee, and to guard against the employee receiving a double recovery. *Prettyman v. Halliburton Co.*, supra; *German v. Chemray, Inc.*, 564 P.2d 636, 640 (Okla. 1977); *Travelers Ins. Co. v. Leedy*, supra; *Parkhill Truck Co. v. Wilson*, supra. This statute was enacted to accomplish the purpose of protecting the employer and its insurance carrier by giving them notice of the intention of the injured worker to sue a third-party so that when the worker complied with the Act, the employer or its carrier could follow the worker in the prosecution of the workers' common law action and protect itself by requiring recoupment from the proceeds received from the third-party. Here, however, the employer, by the joint petition, expressly and voluntarily agreed not to seek recoupment of the benefits it paid to the employee—expressly waiving its right to subrogation and to guard against double recovery. See e.g., *Pepsico, Inc. v. Bragg*, 825 P.2d 1272, 1273 (Okla.1991) (Where the grantor of a workers' compensation insurance carrier was precluded from invoking the right to guard against double recovery where the grantor could have invoked the right but did not.).

24. The hospital insists that because prior pronouncements of this Court have limited the application of 85 O.S.1991 § 44, see note 9, supra, preserving all prior remedies under the common law, a finding that it may not assert its lien conflicts with 12 O.S.1991 § 2 which provides that the common law remains in full force unless a statute explicitly provides to the contrary and the statutory alteration is clearly expressed. We find this argument unpersuasive because prior to enactment of the lien statute, a hospital had no common law right to assert a lien in Oklahoma—there is no basis for a hospital lien in the absence of a statute. *Vinzant v. Hillcrest Medical Ctr.*, see note 14, supra.

25. The hospital concedes that 85 O.S.1991 § 44, see note 9, supra, protects the rights of employers in the event that an employee recovers from a third-party, but contends that there is no limiting language in the statute which restricts the right of recovery by the hospital when the employee files a common law claim. We agree with the hospital that § 44 does not expressly restrict the rights of the hospital to file a lien. However, we also note that neither § 44 nor 42 O.S.1991 § 43, see note 1, supra, expressly authorize a hospital to assert a lien when an employee brings a third-party tort claim. Furthermore, while § 44 may not expressly discuss the ability of a medical provider to recover for services rendered when a worker is injured by reason of a work-related accidental injury, other provisions of the Act specifically address the medical provider's remedies. See, 85 O.S.1991 § 14(E), note 32, infra. However, we note that at least one court has found, relying on a particular hospital lien act, that the rights and liabilities between the third-party tortfeasor and the hospital are governed by the lien act rather than the workers' compensation law because the hospital has a cause of action against the third-party for settling with the employee without paying the employee's hospital bill. However, if the injury is compensable under the Workers' Compensation Act, the act ex-

However, the employee filed his negligence suit against the railroad and—before he reached a settlement agreement—the employee sought and recovered workers' compensation benefits in the Workers' Compensation Court. The Workers' Compensation Court determined that the employer was liable for the employee's medical charges before Thomas settled with the railroad.[26] In addition, the hospital had actual notice that the employee filed a claim in the Workers' Compensation Court.[27]

Under the Act, employers are subject to liability for employees' accidental personal injuries without regard to fault.[28]

Once an injured worker files a claim for compensation benefits, the jurisdiction of the Workers' Compensation Court is invoked.[29] The Workers' Compensation Court has exclusive original jurisdiction over all proceedings for compensation which are legally due for a job-related injury.[30] If a worker is injured by reason of a job-related accident, reimbursement for reasonable and necessary medical treatment may be awarded to the worker.[31] The right to recover charges for medical care provided for personal injuries arising out of and in the course of covered employment lies solely within the Workers' Compensation Court.[32]

clusively governs the rights of the hospital to recover its charges from the employee. See, *McCollum v. Baylor Univ. Medical Ctr.*, 697 S.W.2d 22, 25 (Tex.App. 5 Dist.1985).

26. The hospital cites *DeShazer v. Nat'l Biscuit Co.*, 196 Okla. 458, 165 P.2d 816 (Okla.1946); *Llewellyn v. Smith*, 593 P.2d 771 (Okla.1979); and *Goodwin v. Old Republic Ins. Co.*, 828 P.2d 431 (Okla.1992) for the propositions that: 1) because the employee filed his third-party suit before he filed a claim for workers' compensation benefits, the employee made a determinative act to proceed through a third-party liability action rather than to seek recovery in the Workers' Compensation Court; and 2) such an election was justifiably relied upon by the hospital in filing its lien. However, these cases are distinguishable on their facts and not controlling in the present case. In *DeShazer*, a worker first settled with a third-party tortfeasor and relieved the tortfeasor from any liability, then the worker sought workers' compensation benefits. The worker, however, had not complied with the notice requirements of 85 O.S.1941 § 44, which is similar to the current version of the statute, see note 9, supra. This Court found that the employer is entitled to proceed against the third-party to recover for compensation paid to the employee under § 44, but the worker, by settling and releasing all claims against the third-party, prevented the employer from pursuing a claim against the third-party. Under those circumstances, the employee was barred from seeking workers' compensation. Here, neither party disputed that Thomas did not comply with the notice requirements of § 44. Furthermore, Thomas' employer expressly agreed in the joint petition not to assert any claim against the third-party. *Llewellyn* involved a worker who recovered workers' compensation and then attempted to bring an action in district court because the worker's employer had failed to secure compensation as required by the Act. We held that the worker's election to sue the employer in Workers' Compensation Court rather than in district court precluded the district court action. Here,

Thomas is not attempting to recover from his employer in both workers' compensation and district court. *Goodwin* involved an employee's ability to pursue a bad faith insurance claim against a workers' compensation carrier. We assumed that an insurer could be subject to liability for the common law claim; however, we found that the facts did not support such a cause of action. *Goodwin* did not involve the election of remedies under § 44.

27. See discussion note 3, supra.

28. See, Title 85 O.S.1991 § 11.

29. Title 85 O.S.1991 § 3.4 provides in pertinent part:

"All claims for any compensation or benefits under the Workers' Compensation Act shall be commenced with the filing of a notice of injury with the Administrator....
The [Workers' Compensation] Court shall be vested with jurisdiction over all claims filed pursuant to the Workers' Compensation Act...."

See also, *Romero v. Workers' Compensation Court*, 863 P.2d 1251, 1254 (Okla.1993). Section 3.4 was amended in 1993, however the pertinent portions remain unchanged.

30. *Bill Hodges Truck Co. v. Gillum*, 774 P.2d 1063, 1067 (Okla.1989); *Atlas Rock Bit. Serv. Co. v. Henshaw*, 591 P.2d 294, 295 (Okla.1979); *Jones Drilling Co. v. Woodson*, 509 P.2d 116, 118 (Okla.1973).

31. See, Title 85 O.S.1991 § 14 which requires the employer to provide medical services to an injured employee and allows the employee reimbursement if the employer fails to provide such services.

32. Title 85 O.S.1991 § 14(E) provides in pertinent part:

"Whoever renders medical, surgical or other attendance or treatment, nurse and hospital

The purpose of the Act is to insure that an injured employee is fully compensated for the medical expenses incurred in a work-related accident, with such compensation being paid by the employer or insurance carrier.[33] Allowing the medical provider to recover from the worker directly diminishes the injured employee's total recovery and denies the worker full compensation as intended by the Legislature.[34] Recently, this Court in *Romero v. Workers' Compensation Court*, 863 P.2d 1251, 1254 (Okla.1993), recognized that a medical provider's exclusive remedy for reimbursement for medical services rendered to a worker injured by reason of an accidental work-related injury lies in the Workers' Compensation Court when: 1) a claim/notice has been filed; 2) the Workers' Compensation Court has assumed jurisdiction; and 3) an adjudication has been made that the injury was work-related.

Here, the accident was determined to be work-related when Thomas settled with his employer and the Workers' Compensation Court approved the joint settlement petition.[35] Thomas was awarded compensation for medical expenses before he settled with the third-party tortfeasor. The hospital had actual notice that a claim was filed in the Workers' Compensation Court.[36] Under the facts presented, it is the employer, not the employee who is liable for the medical charges. Had the Legislature intended that a hospital could assert a lien in these circumstances, it would not have specifically and expressly provided that the exclusive remedy of a medical provider lies with the Workers' Compensation Court. In our view, the Legislature did not intend to allow a hospital lien to be asserted against the proceeds of a workers' third-party tortfeasor suit where: 1) a worker has filed a claim in the Workers' Compensation Court; and 2) the Court assumed jurisdiction, making an award for medical expenses against the employer, before the worker settled with the third-party. Under these circumstances, the Act provides the exclusive remedy in the Workers' Compensation Court for the hospital to seek recovery for its services rendered to the employee.[37] Accordingly, the hospital

service, medicine, crutches and apparatus, or emergency treatment, may submit such charges and duration of treatment to the Administrator of the Court for review.... Such charges and duration of treatment shall be limited to the usual, customary and reasonable charges and duration of treatment as prescribed and limited by a schedule of fees and treatment for all medical providers ... The right to recover charges for every type of medical care for personal injuries arising out of and in the course of employment ... shall lie solely with the Workers' Compensation Court, and all jurisdiction of the other trial courts of this state over such action is hereby abolished ..." **(Emphasis supplied.)**
Section 14 was amended in 1993, however the pertinent portions remain unaltered. In *Rhynes v. Epperson*, 606 P.2d 565, 567 (Okla.1980) and *Bilecki v. Service Collection Assoc., Inc.*, 732 P.2d 452, 454 (Okla.1986) this Court held that a medical provider seeking payment for medical charges owed by a patient who was injured in a job-related accident, must seek recovery for services rendered in the Workers' Compensation Court. Unless relief is denied by the Workers' Compensation Court, the district court lacks jurisdiction to determine a claim brought by a medical provider for the payment of medical charges incurred for services rendered to such a patient. Since its enactment in 1915, submission of charges to the Workers' Compensation Court for a determination of reasonableness has been a

requirement of the Act. The employee filed a form 3 notice of claim/accidental injury with the Workers' Compensation Court on December 20, 1989, after the hospital asserted its lien against the proceeds of Thomas' third-party action. In its motion for summary judgment, the hospital does not dispute that it could have filed a claim for medical expenses rendered to the employee pursuant to 85 O.S.1991, Ch. 4, App., Rule 24, which allows a medical provider to institute proceedings to recover for services rendered after a form 3 is filed, and 85 O.S.1991 § 14.

**33.** *Rhynes v. Epperson*, see note 32, supra; *Bilecki v. Service Collection Assoc., Inc.*, see note 32, supra.

**34.** *Id.*

**35.** An award based on a joint petition settlement is no different from any final award and constitutes a judicial determination of facts. *Special Indemnity Fund v. Mickey*, 563 P.2d 123, 125 (Okla.1977); *Black, Sivalls & Bryson v. Bass*, 506 P.2d 902, 904 (Okla.1973).

**36.** See discussion note 3, supra.

**37.** Ordinarily, once a final award is made the Workers' Compensation Court loses jurisdiction over any results which arise from the claim. See, Title 85 O.S.1991 § 84. Here, however, the hospital did not have notice of the joint petition

may not assert a lien against the settlement proceeds of the personal injury suit.[38]

## CONCLUSION

Title 42 O.S.1991 § 43 authorizes a hospital to assert a lien against any money recovered by a patient, if the injury occurs "by reason of an accident not covered by the Workers' Compensation Act," and if the patient brings an action against the tortfeasor who caused the person's injuries.[39] Here, the employee had two options to pursue—a remedy against the third-party tortfeasor in district court, and a remedy against his employer in the Workers' Compensation Court. However, the Workers' Compensation Court determined that the employee was injured because of a work-related accidental injury before the employee settled with the third-party tortfeasor; and the hospital had actual notice that the employee filed a claim for benefits in the Workers' Compensation Court. Because the right to recover charges for medical care provided for the injuries arising out of and in the course of covered employment lies solely with the Workers' Compensation Court,[40] the facts here do not support a finding that the hospital has a valid lien against the settlement proceeds of the personal injury suit.

**CERTIORARI PREVIOUSLY GRANTED; COURT OF APPEALS OPINION VACATED; TRIAL COURT AFFIRMED.**

ALMA WILSON, C.J., and LAVENDER, SIMMS, HARGRAVE, WATT, JJ., concur.

OPALA, J., concurs in part, dissents in part.

SUMMERS, J., dissents.

settlement proceeding, nor was it a party to the joint petition. Consequently, the joint petition is not final as to the hospital. The Workers' Compensation Court retains jurisdiction over the claim because it must ensure that the hospital is paid for its services. See, *Baptist Medical Center v. Transcon Lines*, 852 P.2d 139, 143 (Okla.1993); *Patterson Steel Co. v. Smith*, 353 P.2d 126, 128 (Okla.1960); *Higley v. Schlessman*, 292 P.2d 411, 414–15 (Okla.1956). Title 85 O.S.1991, Ch. 4 App., Rule 28, provides in pertinent part:

"... F. Joint Petition settlements between the claimant and the respondent shall not be deemed an adjudication as to the charges incurred by the medical provider prior to the date of the Joint Petition settlement."

This Rule does not effect the outcome of the present case. Here, the employer has already assumed liability of the employee's hospital bills, and it is estopped to deny liability if the hospital seeks to enforce the joint petition settlement agreement. Rule 28 relates to 85 O.S.1991 § 14(e)'s, see note 32, supra, requirement that the Workers' Compensation Court shall determine whether the medical charges are reasonable. While the employer cannot deny liability, under Rule 28 neither the employer nor the hospital are precluded from disputing the reasonableness of the charges.

**38.** The Workers' Compensation Court can certify the joint petition to be filed in the district court as a judgment and the hospital can then execute on the judgment against the employer. See, 85 O.S.1991 § 42.

**39.** Title 42 O.S.1991 § 43, see note 1, supra.

**40.** Title 85 O.S.1991 § 14(e) note 32, supra.