2002 OK CIV APP 20

**George J. HARLOW, Jr., Petitioner,**

v.

**NOBLE COUNTY, Own Risk, and The Workers' Compensation Court, Respondents.**

No. 96,045.

Court of Civil Appeals of Oklahoma, Division No. 2.

Oct. 23, 2001.

Certiorari Denied Jan. 14, 2002.

Ramona S. Hanson, Oklahoma City, OK, for Petitioner.

Daniel K. Zorn, Collins, Zorn, Wagner & Gibbs, P.C., Oklahoma City, OK, for Respondents.

TOM COLBERT, Judge:

¶1 Claimant, George J. Harlow, Jr., seeks this court's review of an order of the workers' compensation trial court denying his claim on the ground that it was time-barred. The issue on review is whether the trial court erred in determining that the statute of limitations had run. We find that the court did err, vacate its order, and remand for further proceedings in accordance with this opinion.

## BACKGROUND

¶2 Claimant suffered an injury to his left ear on March 17, 1997, while working for Employer, Noble County. At the time of the injury, he was assisting in building a bridge. While he was using a cutting torch to cut a beam, a piece of molten metal "fell off, rolled down into his left ear, and burned a hole in his ear drum."

¶3 Claimant was initially treated by his family doctor, but was later sent to an ear specialist, R. Stanley Baker, M.D. Dr. Baker treated Claimant on several occasions and performed surgery on Claimant's ear on July 7, 1997. Claimant was last treated by him on August 4, 1997.

¶4 Employer generally paid Claimant's medical bills at the time he received treatment, but the last bill was paid on September 22, 1997.[1] Employer also reimbursed Claimant for mileage expenses incurred in traveling to and from Dr. Baker's office. Claimant received the mileage reimbursement check in late-August 1999.

¶5 Claimant filed a Form 3 on September 2, 1999. In his Form 9, also filed in September 1999, he sought permanent partial disability benefits. Employer responded that Claimant had not filed his claim within the two-year time frame provided by 85 O.S. Supp.2000 § 43(A).

¶6 In an order filed March 8, 2001, the trial court found that, regardless of the date the medical and out-of-pocket travel expenses were paid by Employer, the two-year statute of limitations began to run on August 4, 1997, the date Claimant was last seen by

Dr. Baker. Because Claimant filed his Form 3 more than two years after that date, his claim was time-barred. Claimant now seeks this court's review.

## STANDARD OF REVIEW

¶7 When examining a tribunal's factual determinations, this court applies the any-competent-evidence standard of review. *Parks v. Norman Mun. Hosp.*, 1984 OK 53, ¶2, 684 P.2d 548, 549. However, a statute of limitations question ordinarily presents a mixed question of law and fact. *Sneed v. McDonnell Douglas*, 1999 OK 84, ¶9, 991 P.2d 1001, 1004. In *Sneed*, the Oklahoma Supreme Court explained:

> Even though the trial court's factual determinations relative to the statutory time bar [if supported by any competent evidence] will not be independently reviewed, application of the 85 O.S.1991 § 43 time bar to render a claim not remediable is a conclusion of law and hence is subject to de novo review by this Court.

*Id.* (Alteration in original) (footnote omitted). Because we must review the trial court's application of 85 O.S. Supp.2000 § 43(A) to bar Claimant's claim, we are presented with a question of law which we will review de novo. *See id.*

¶8 The resolution of this case requires that we construe the meaning of section 43(A). Statutory construction also presents a question of law which is reviewed de novo. *Arrow Tool & Gauge v. Mead*, 2000 OK 86, ¶6, 16 P.3d 1120, 1123.

## DISCUSSION

### I.

¶9 Claimant's primary argument on review is that the trial court erred in finding that the statute of limitations began to run on the date he last received medical treatment, rather than the date the medical expenses were last paid. Title 85 O.S. Supp. 2000 § 43(A) provides:

---

1. Employer asserts in its answer brief that it paid Claimant's medical bills from March 1997 through August 1997 and directs our attention to Claimant's trial testimony. Claimant testified on cross-examination, however, that, although Employer paid most of his medical bills during that time frame, the last bill was not paid until September 22, 1997. Moreover, the transcript indicates that Employer stipulated that the last bill was paid on September 22, 1997.

The right to claim compensation under the Workers' Compensation Act shall be forever barred unless, within two (2) years after the date of accidental injury or death, a claim for compensation is filed with the Workers' Compensation Court. Provided however, a claim may be filed within *two (2) years of* the last payment of any compensation or remuneration paid in lieu of compensation or *medical treatment which was authorized* by the employer or the insurance carrier.

(Emphasis added). Employer argues that the meaning of section 43(A) was explained in *Hadley v. American General Life Insurance Co.*, 1981 OK CIV APP 53, 634 P.2d 1326, and that *Hadley* is dispositive.

¶ 10 The issue in *Hadley* was whether the payment of a medical bill five months after the injured claimant received medical treatment tolled the statute of limitations for filing a claim. The claimant received emergency medical treatment on November 16, 1978, and the employer's insurance carrier paid the medical bill on April 25, 1979. The claimant filed his claim on January 18, 1980. The workers' compensation court held that his claim was barred by the one-year statute of limitations in effect at that time.[2] On review to the Court of Civil Appeals, he argued that medical treatment constituted "payment in lieu of compensation" and that, by paying for his treatment, the insurance carrier "was making payment in lieu of compensation." *Id.* at ¶ 5, 634 P.2d at 1327.

¶ 11 The court in *Hadley* explained the meaning and legislative intent of section 43(A) (then section 43) as follows:

It must be remembered that statutes of limitation are designed to bar stale claims. In workers' compensation cases, if a claimant does not file a claim within one year from the time of injury or last medical treatment, one can easily say the claim is stale and that claimant did not desire to file a claim. We think if the legislature had intended the one-year period to run from the time the last dollar was paid for medical *treatment* it could have easily and, indeed, would have said so in § 43. Sec-

tion 43 clearly says one year "from last authorized medical treatment," and not one year from the payment for that treatment. For us to interpret § 43 to mean one year from payment for the treatment would be to write into that statute something that clearly was not intended.

*Id.* at ¶ 6, 634 P.2d at 1327–28. The court concluded that "the statute of limitations runs from the time of the treatment or the time treatment is authorized and not from the time payment for the treatment is actually made." *Id.* at ¶ 7, 634 P.2d at 1328.

¶ 12 We decline to follow *Hadley* for two reasons. First, the insurance carrier in *Hadley* initially denied the claim and treated it as if it was not compensable. In this case, however, the record reveals that Employer recognized Claimant's injury and acknowledged that it was a compensable injury under the Workers' Compensation Act.

¶ 13 More importantly, we decline to apply *Hadley* because that case was decided prior to 1985, the year in which section 43 was amended. At the time *Hadley* was decided, section 43 read:

The right to claim compensation under the Workers' Compensation Act shall be forever barred unless, within one (1) year after the injury or death, a claim for compensation thereunder is filed.... Provided, however, claims may be filed at any time within one (1) year from the date of last payment of any compensation or remuneration paid in lieu of compensation or within one (1) year from last authorized medical treatment....

85 O.S.1981 § 43. The changes in the relevant language of the statute has left it susceptible to more than one interpretation. Prior to the 1985 amendment, it was clear that the legislature intended the statute to run one year from the date medical treatment was last authorized or provided. As the statute is currently worded, however, courts could interpret it to mean either that the legislature intended the time to run two years from the *last payment* of medical treatment or that the legislature intended it

---

**2.** The statute has since been changed to provide for a two-year limitations period. *See* 85 Supp.

2000 § 43(A).

to run two years from the *date of medical treatment which was authorized by the employer or the insurance carrier.*

¶ 14 When the wording of a statute leaves it susceptible to more than one interpretation, courts must rely upon the principles of statutory construction to arrive at a reasonable result which "promotes the general purpose for which [the statute was] enacted." *Kratz v. Kratz,* 1995 OK 63, ¶ 11, 905 P.2d 753, 755. "[T]he cardinal rule of statutory construction is to ascertain the intent of the legislature and if possible to give effect to all its provisions." *Id.* Legislative intent is ascertained from the entire act. *Thomas v. Oklahoma Orthopedic & Arthritis Found. Inc.,* 1995 OK 47, ¶ 8, 903 P.2d 279, 284.

¶ 15 In *Arrow Tool,* which involved the interpretation of section 43(C), the provision addressing the time limit for filing a motion to reopen, the Oklahoma Supreme Court explained, "When construing a statute which has been amended, we are mindful that the legislature may have intended either (a) to effect a change in the existing law, or (b) to clarify that which previously appeared doubtful." *Arrow Tool,* 2000 OK 86, ¶ 15, 16 P.3d at 1126. Another principle of statutory construction is that "workers' compensation laws must be liberally construed in favor of injured employees." *Wal–Mart Stores, Inc. v. Switch,* 1994 OK 59, ¶ 5, 878 P.2d 357, 359.

¶ 16 With these principles in mind, we turn to the purpose of the Workers' Compensation Act. "The purpose of the Act is to insure that an injured employee is fully compensated for the medical expenses incurred in a work-related accident, with such compensation being paid by the employer or insurance carrier." *Thomas,* 1995 OK 47, ¶ 14, 903 P.2d at 287. Construing section 43(A) liberally in favor of injured claimants, we find that the purpose of the Act, as well as the legislature's intent in enacting it, is best promoted by a construction which allows claimants to file their claims within two years from the *last payment* of authorized medical treatment.

¶ 17 Indeed, this was the result reached in *Gabler v. Embassy Suites Hotel,* 1991 OK CIV APP 26, 815 P.2d 201. There, the injured claimant argued, as did Claimant here, that she could file her claim within two years from the date her employer's insurance carrier made a payment for medical treatment. This court held that section 43 provides that a claim may be filed within two years of the last payment of authorized medical treatment. *Id.* at ¶ 4, 815 P.2d at 202. Although the reasoning applied in *Gabler* differs somewhat from that applied here, we agree with the result in that case, and are of the opinion that, because *Gabler* was decided after the 1985 amendment, it is a much more accurate reflection of legislative intent than is *Hadley.*

¶ 18 The Missouri Supreme Court has also confronted a situation in which there was doubt as to whether the relevant statutory language provided that the statute of limitations began to run on the date authorized medical treatment was last rendered or the date the bill for the medical treatment was paid. The court held that the statute began to run on the date the bill for the medical treatment was paid. *Snow v. Sunbelt Sys. Transp.,* 813 S.W.2d 868, 871 (Mo.1991). Applying a principle of statutory construction identical to Oklahoma law, the court reasoned, "Any doubt as to the right of an employee to compensation should be resolved in favor of the injured employee." *Id.* at 869 (quoting *Wolfgeher v. Wagner Cartage Serv., Inc.,* 646 S.W.2d 781, 783 (Mo.1983)).

¶ 19 We hold that the statute of limitations began to run from the *last payment* of authorized medical treatment, not from the last date authorized medical treatment was actually provided. The trial court's finding that the statute of limitations began to run on the last date medical services were provided is erroneous.

## II.

¶ 20 Claimant raises two additional arguments. First, he argues that the statute of limitations was tolled by certain "misrepresentations" made by Employer. Next, he argues that Employer's payment of mileage expenses constitutes compensation or remuneration paid in lieu of compensation for purposes of tolling the statute of limitations. We are not persuaded by these arguments and find elaborate discussion unnecessary in light of our holding.

## CONCLUSION

¶ 21 The trial court erred in determining that the statute of limitations had run. The statute of limitations began to run from the date of the *last payment* of authorized medical treatment, not from the last date authorized medical treatment was actually provided. Thus, Claimant had two years from September 22, 1997, to file his claim. Because he filed his Form 3 on September 2, 1999, his claim was indeed timely. We, therefore, vacate the trial court's order and remand for a determination of benefits.

¶ 22 VACATED AND REMANDED.

¶ 23 REIF, V.C.J., and GOODMAN, P.J., concur.