Nathaniel D. RHYNES, Petitioner,

v.

Robert D. EPPERSON, Special District Judge of Oklahoma County, Respondent.

No. 54193.

Supreme Court of Oklahoma.

Jan. 15, 1980.

Rehearing Denied March 3, 1980.

Ben A. Goff, Oklahoma City, for petitioner.

Grennan, Faulkner & Koenig by Jim Grennan, Oklahoma City, for respondent.

BARNES, Justice:

In this original proceeding, we are asked to assume original jurisdiction, and issue a Writ of Prohibition, prohibiting the Respondent Trial Judge, the Honorable Robert D. Epperson, from further proceeding in a suit on an open account brought by Dr. John D. Roberts against his patient, Nathaniel D. Rhynes, whom the doctor treated for injuries allegedly sustained in the course of Mr. Rhynes' employment with Lee Way Motor Freight, Inc.

Prior to commencing the contract action in the District Court, Dr. Roberts filed a Form 19 with the Workers' Compensation Court. A Form 19 is a Request for Review of Charges for Medical or Rehabilitation Services. Title 85 O.S.Supp.1977, § 14, provides in part that:

"*Whoever renders* medical, surgical or other attendance or treatment, nurse and hospital service, medicine, crutches and apparatus, or emergency treatment, *shall submit the reasonableness of the charges to the Court for its approval* and such charges shall be limited to such charges as prevail in the same community for similar treatment of like injured person, and when so approved shall be enforceable by the Court in the same manner as provided in the Workers' Compensation Act for the enforcement of compensation payments; provided, however, that the foregoing provision, relating to approval and enforcement of such charges, shall not apply where a written contract exists between the employer or insurance carrier and the person who renders such medical, surgical or other attendance or treatment, nurse and hospital service, or furnishes medicine, crutches or apparatus. * * *" [Emphasis added]

The Petitioner in the original proceeding before us argues that the provisions of the above quoted portion of the Workers' Compensation Act vest the Workers' Compensation Court with primary jurisdiction to determine the reasonableness of charges for medical treatment to a claimant coming within the Act. We agree with Petitioner's position. The Act provides that whoever renders such treatment shall submit the reasonableness of the charges to the Court for its approval. This is not, however, to say that a District Court is without jurisdiction to entertain an action on an open account, for the District Courts obviously have such jurisdiction. However, when the open account is one for medical, surgical, or other attendance or treatment, and other services enumerated above, to a party whose injuries arise out of and in the course of employment coming under the Workers' Compensation Act, primary jurisdiction is vested in the Workers' Compensation Court.

In so holding, we would note that it is the legislative intent under the Workers' Compensation Act to see that workmen injured on the job are compensated for medical expenses incurred. To hold that the reasonableness of charges for such treatment could be adjudicated in the District Court would be contra to this purpose, for a jury in a District Court action could determine that the reasonable charges in a particular case were more that that assessed by the Workers' Compensation Court, thus leaving the covered employee liable for the difference. The purpose of the Act is to see that employees are totally compensated and that the compensation be paid by the employer or its insurance carrier. To allow such collection to proceed in the District Court, where attorney fees could be awarded, would, of course, be contra to this purpose.

In the case before us, Dr. Roberts was, prior to rendering treatment, apprised that he was treating an injury arising out of and in the scope of employment coming within the purview of the Workers' Compensation Act. In point of fact, he contacted the employer who, at that time, agreed to pay for services rendered. Thus, no argument can be made that the doctor was unaware that he was treating a compensable injury. The controversy began when the doctor's bill was presented to the employer. Think-

ing that they had been inordinately overcharged, they refused to pay, and the present controversy began. We would note in passing that the doctor's bill was in fact substantially reduced by the Peer Review Committee of the Oklahoma Chiropractic Association, when they reduced the more than $1,400.00 bill to slightly over $650.00.

In answering the Workmen's Compensation Claim filed by Mr. Rhynes, Lee Way did not dispute the fact that Mr. Rhynes' injury arose out of and in the scope of covered employment. Accordingly, we assume that since it has not been made an issue, the Workers' Compensation Court will find that Mr. Rhynes' injury did arise out of and in the scope of covered employment. This being the case, the treatment rendered by Dr. Roberts was for injuries compensable under the Act. Thus, under the provisions of 85 O.S.Supp.1977, § 14, quoted above, the Workers' Compensation Court is vested with primary jurisdiction to determine the reasonableness of the charges and to provide for their payment.

Where the same claim is pending both in the Workers' Compensation Court and the District Court, the former has primary jurisdiction over the subject matter. Therefore, we assume original jurisdiction and, in the exercise of our superintending control over District Courts, issue a Stay Order, staying the proceedings in the District Court during the pendency of the Form 19 Claim. In so ruling, we note that if for any reason the Workers' Compensation Court denies the Form 19 Claim, an action against the employee on an open account may be maintained in the District Court.

If, however, the Form 19 Claimant is granted relief, the Workers' Compensation Court's determination in the matter precludes further action in the District Court.

For the above stated reasons, we assume original jurisdiction and stay the proceedings in the District Court.

ORIGINAL JURISDICTION ASSUMED AND STAY ORDER ISSUED.

All the Justices concur.