Zeljko **BILECKI**, Petitioner,

v.

**SERVICE COLLECTION ASSOCIATION, INC.,**
Respondent.

No. 65748.

Supreme Court of Oklahoma.

Dec. 16, 1986.

Thomas W. Whalen Tulsa, for petitioner.

Amy Kempfert, Works, Lentz & Pottorf, Inc., Tulsa, for respondent.

SUMMERS, Justice.

This case is before us on a certified interlocutory order, which, in certain cases, may be the subject of an appeal under 12 O.S. 1981 § 952(b)(3). The certified order here overruled the defendant/petitioner's mo-

tion to stay proceedings in the district court. Because the issue as certified cannot be considered to be "on the merits of the controversy"[1] we hereby recast the defendant's petition for certiorari into a proceeding for a writ of prohibition. We now assume original jurisdiction and issue the writ for the reasons expressed herein.

Petitioner, Zeljko Bilecki, was employed as a professional soccer player for Tulsa Soccer Ltd. d/b/a Tulsa Roughnecks, Inc. During the course of a soccer game in Montreal, Canada, petitioner injured his back, requiring hospitalization and other medical treatment. The compensation order in case no. 83–13375–L fixed his permanent partial disability at 35% to the body as a whole. Medical treatment had been rendered by St. Francis Hospital as a result of the injury. Service Collection Association, Inc., respondent, sued Bilecki in the Tulsa County District Court to recover for the medical care rendered at St. Francis Hospital.

The cost of medical treatment was not raised as an issue before the Worker's Compensation Court. Rule 26, Rules for the Workers' Compensation Court provide as follows:

"Rule 26. Evidence in Form 19 Proceedings

A person, partnership, corporation or institution, which is seeking to recover for health services, drugs or supplies that have been provided to the claimant, may use a verified or declared report to establish that: (1) such charges were based upon the rates prevailing in the community where rendered, (2) such services, drugs or supplies were necessary, and (3) the notice requirements of 85 O.S. § 14 were substantially complied with or that the treatment was otherwise authorized."

No Form–19 proceeding has been instituted in the Workers' Compensation Court concerning the cost of medical care provided by St. Francis Hospital. A motion to stay the proceeding was filed by Bilecki in the district court. That motion was overruled by the trial court on September 18, 1985, which later issued an order certifying that order for review by this court. We have granted certiorari on May 22, 1986.

Bilecki argues that the medical service provided by St. Francis Hospital was for treatment of an injury which arose in the course of his employment. The respondent, a collection agency for the hospital, has not sought payment from the petitioner's employer and has not filed a Form–19 with the Workers' Compensation Court. Petitioner contends that jurisdiction of this matter remains with the Workers' Compensation Court and that respondent should pursue its remedy against petitioner's employer. Respondent contends that because no action on the question of health services expenses was ever commenced in the Workers' Compensation Court by either petitioner or respondent the Workers' Compensation Court has not at any time had jurisdiction over the claim for recovery of health services and expenses.

After the date of the order of the Workers' Compensation Court, Bilecki entered into a general release settlement agreement with the employee releasing employer from "any and all liability and/or claim which the undersigned has or may have against Tulsa Roughnecks." Respondent argues that Bilecki therefore released employer from any liability including the payment of petitioner's expense for health services, but cites no authority to show such release would preclude further proceedings in Workers' Compensation Court on the issue of health care services and expenses.

A Form 19 is a Request for Review of charges for Medical or Rehabilitation services. That is the form used by health care providers in proceedings to recover under 85 O.S.1981 § 14, which makes the employer liable for the medical attention required by an employee covered under the Act. Section 14 provides in part

1. 12 O.S.1981 § 952(b)(3) provides:
"The Supreme Court may reverse, vacate or modify any of the following orders of the district court or a judge thereof:
3. Any other order which affects a substantial part of the merits of the controversy when the trial judge certifies that an immediate appeal may materially advance the ultimate termination of the litigation."
See *White v. Wensauer,* 702 P.2d 15 (Okl.1985).

"Whoever renders medical, surgical or other attendance or treatment, nurse and hospital service, medicine, crutches and apparatus or emergency treatment, shall submit the reasonableness of the charges to the Court (Workers' Compensation Court) for its approval and such charges shall be limited to such charges as prevail in the same community for similar treatment of like injured person, and when so approved shall be enforceable by the Court in the same manner as provided in the Workers' Compensation Act for the enforcement of compensation payments...."

In *Rhynes v. Epperson*, 606 P.2d 565 (Okl.1980), we held that the above quoted portion of the Workers' Compensation Act vested the Workers' Compensation Court with primary jurisdiction to determine the reasonableness of the charges for medical treatment to a claimant coming within the Act. In so holding we stated:

"... [I]t is the legislative intent under the Workers' Compensation Act to see that workmen injured on the job are compensated for medical expenses incurred. To hold that the reasonableness of charges for such treatment could be adjudicated in the District Court would be contra to this purpose, for a jury in a District Court action could determine that the reasonable charges in a particular case where more than that assessed by the Workers' Compensation Court, thus leaving the covered employee liable for the difference. The purpose of the Act is to see that employees are totally compensated and that the compensation be paid by the employer or its insurance carrier. To allow such collection to proceed in the District Court, where attorney fees could be awarded, would, of course, be contra to this purpose." Id at 566.

In *Rhynes,* there was an action pending both in the Workers' Compensation Court and the district court. We held the former had primary jurisdiction over the subject matter. In the instant case, there has never been a Form–19 filed in the Workers' Compensation Court. However, under Section 14 and *Rhynes* we now hold that the primary jurisdiction still remains with the Workers' Compensation Court. The plaintiff below (respondent) should first file its Form–19 claim with the Workers' Compensation Court. If, for any reason the Workers' Compensation Court denies the Form–19 claim, an action against the employee on an open account may be maintained in district court. If, however, the respondent is granted Form–19 relief, the Workers' Compensation Court's determination in the matter precludes further action in the district court. *Rhynes,* supra.

With regard to the purported release settlement agreement between Bilecki and his employer, 85 O.S.1981 § 47 provides:

"No agreement by an employee to waive his right to compensation under this Act shall be valid."

85 O.S.1981 § 48 further provides:

"Claims for compensation or *benefits* due under the ... Act shall not be assigned, *released,* or commuted except as provided by the ... Act...." (Emphasis ours)

We construed these sections in *National Gypsum Co. v. Brewster*, 461 P.2d 593, 596 (Okl.1969) wherein we affirmed that:

"Any agreement with an industrial claimant under the provisions of the Oklahoma Workmen's Compensation Act whereby he settles his claim, agrees to the extent of his disability, or waives his rights under the provisions of the Act, is a nullity and unenforceable unless approved by the State Industrial Court."

The District Court of Tulsa County is hereby prohibited from entertaining further proceedings herein until such time as respondent has had its claim for relief in the Workers' Compensation Court determined.

DOOLIN, V.C.J., and OPALA, WILSON and KAUGER, JJ., concur.

SIMMS, C.J., and LAVENDER and HARGRAVE, JJ., dissent.