Anna **BERKO**, Appellee,

v.

**WILLOW CREEK I NEIGHBORHOOD ASSOCIATION, INC., Defendant,**

**Willow Creek Condominiums, Inc., Appellant.**

No. 73162.

Court of Appeals of Oklahoma, Division No. 2.

May 28, 1991.

Donald E. Cummings, Cummings and Associates, Tulsa, for appellee.

Paul J. Cleary, Boone, Smith, Davis, Hurst & Dickman, Tulsa, for appellant.

MEANS, Judge.

The sole issue presented on this appeal is whether a district court has jurisdiction to impose sanctions, under 12 O.S.Supp.1990 § 2011, against a plaintiff who has dismissed her petition pursuant to 12 O.S.1981 § 684. The district court herein found that

it lacked such jurisdiction. Having reviewed the record and applicable law, we reverse and remand.

On February 1, 1988, plaintiff Anna Berko filed this negligence action seeking damages for injuries allegedly received as a result of a slip and fall on an icy sidewalk at a condominium complex known as Willow Creek Condominiums. Plaintiff named Willow Creek I Neighborhood Association, Inc., ("Association") and Willow Creek Condominiums, Inc., ("Willow Creek") as parties defendant. According to its bylaws, the Association is a non-profit corporation whose purpose is to govern, care for, maintain and keep in a good state of repair all of the common areas of the real property included within Willow Creek Condominiums I. Willow Creek is the sales and financial agent for units sold at the Willow Creek I complex and acts as mortgagee.

On March 22, 1988, Willow Creek answered, and asserted that it was an improper party to the action. The answer stated that Willow Creek was "neither owner, co-owner, manager, or operator of the real property and appurtenances thereto, which may have caused some injury to the Plaintiff." The answer further stated that the petition against it had been "filed frivolously, and in violation of 12 O.S.A. § 2011."

On February 6, 1989, Willow Creek filed a "Motion for Summary Judgment and Motion for Sanctions." Affidavits and other evidentiary materials attached to the motion to support Willow Creek's statement of undisputed facts indicated that: (1) It was the responsibility of the Association's Board of Administrators to maintain and keep in good repair all of the common areas of Willow Creek I; (2) maintenance, upkeep, repair and inspection of the common areas—including the sidewalk where Plaintiff fell—were performed by a maintenance foreman hired by the Association's Board of Administrators; and (3) Willow Creek had no responsibility for the actions of the Association and no indemnification, underwriting or vicarious responsibility for the actions of the Association.

In support of its request for sanctions, Willow Creek argued that Plaintiff and her

counsel did not conduct "reasonable inquiry" into the allegations of the petition prior to filing. Willow Creek pointed to the Association's bylaws—on file in the Tulsa County public land records seven years prior to Plaintiff's accident—as establishing a lack of a factual basis for her allegations that *Willow Creek* was "responsible for and had a duty to maintain the common areas in and around [Willow Creek I] in a proper and safe condition." Willow Creek also argued that Plaintiff continued to assert her negligence claim against it even after it became clear that there was no basis for such a claim. Correspondence from Willow Creek's counsel to Plaintiff's counsel on July 8, 1988, included a copy of the Association's bylaws, and correspondence on December 30, 1988, referred Plaintiff to the answers to interrogatories filed by the Association, reiterated Willow Creek's position that the lawsuit against it was baseless, and urged Plaintiff to dismiss it from the action or risk the imposition of sanctions.

On February 16, 1989, ten days after Willow Creek had moved for summary judgment and sanctions, Plaintiff dismissed Willow Creek with prejudice. Willow Creek requested that its motion for sanctions be set for hearing. On March 16, 1989, Plaintiff filed an objection to the hearing request, and she also filed her own motion for sanctions against Willow Creek.

After hearing oral argument on the matter, the district court entered an order finding:

[T]hat following a voluntary dismissal under 12 O.S. section 684, [the Court] lacks jurisdiction to hear Willow Creek's Motion for Sanctions. Following a dismissal pursuant to section 684, the Court has jurisdiction of such a motion, only (1) as a condition to allowing refiling of the dismissed claim or (2) where it is alleged that the dismissal was procured through fraud.

It is from this order that Willow Creek appeals. Plaintiff withdrew her motion for sanctions against Willow Creek. The Association is not a party to this appeal.

■ On appeal, Willow Creek contends that Plaintiff's dismissal did not divest the court of jurisdiction or authority to rule upon its motion for sanctions for litigation-related misconduct. For the following reasons, we find that a voluntary dismissal does not act as a jurisdictional bar to further proceedings seeking the imposition of sanctions under section 2011.

Section 2011 provides:

Every pleading, motion, and other paper of a party represented by an attorney shall be signed by at least one attorney of record in his individual name, whose address and Oklahoma Bar Association identification number shall be stated.... The signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion, or other paper; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.... If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee.

The Oklahoma Supreme Court has yet to consider the issue of whether a district court may enforce section 2011 and impose sanctions following a voluntary dismissal. However, section 2011 is virtually identical to Rule 11 of the Federal Rules of Civil Procedure. 28 U.S.C. (Supp.1991). Our supreme court has recently considered the United States Supreme Court's interpretation of Rule 11 and agreed with the federal rationale and holding. *See Unit Petroleum Co. v. Nuex Corp.*, 807 P.2d 251, 253

(Okla.1991) (finding that sanctions under section 2011 cannot be properly imposed against a law firm but only against an individual attorney, citing the United States Supreme Court's pronouncement in *Pavelic & LeFlore v. Marvel Entertainment Group*, 493 U.S. 120, 110 S.Ct. 456, 107 L.Ed.2d 438 (1989)).

In *Cooter & Gell v. Hartmarx Corp.*, — U.S. —, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990), the Supreme Court addressed the issue of whether a district court may impose Rule 11 sanctions on a plaintiff who has voluntarily dismissed his complaint pursuant to Rule 41(a)(1)(i) of the Federal Rules of Civil Procedure. The federal court of appeals had concluded that "the policies behind Rule 11 do not permit a party to escape its sanction by merely dismissing an unfounded case," and held that sanctions must be available in appropriate circumstances "notwithstanding a private party's effort to cut its losses and run out of court, using Rule 41 as an emergency exit." *Danik, Inc. v. Hartmarx Corp.*, 875 F.2d 890, 894–95 (D.C.Cir.1989). The petitioner contended that filing notice of a voluntary dismissal pursuant to Rule 41 automatically deprives a court of jurisdiction over the action, rendering the court powerless to impose sanctions thereafter.

After noting that the central purpose of Rule 11 is to deter baseless filings in district court, the Supreme Court reasoned:

> As the "violation of Rule 11 is complete when the paper is filed," a voluntary dismissal does not expunge the Rule 11 violation. In order to comply with Rule 11's requirement that a court "shall" impose sanctions "[i]f a pleading, motion, or other paper is signed in violation of this rule," a court must have the authority to consider whether there has been a violation of the signing requirement regardless of the dismissal of the underlying action.

*Cooter & Gell*, 110 S.Ct. at 2455 (citations omitted). We find this reasoning persuasive.

In support of the trial court's determination that it lacked jurisdiction to hear Willow Creek's motion for sanctions, the focus of Plaintiff's argument herein is on perceived differences between Rule 41 and 12 O.S.1981 § 684,[1] and characterization of Willow Creek's sanctions motion as a "prayer for attorney fees"—an issue which was not reserved by the trial court for determination at some later date. Plaintiff maintains that review of Rule 41 and section 684 reveals "a vast difference in the wording, as well as the legislative intent," and is like "comparing apples and oranges." Plaintiff also emphasizes that her dismissal was *with*, as opposed to *without* prejudice.

■ There are several flaws in Plaintiff's reasoning. In making her arguments, she overlooks the purpose of Rule 11 and section 2011, which is to deter baseless filings. As noted in *Cooter & Gell*, 110 S.Ct. at 2457, the plaintiff's right to dismiss the action does not also secure the right to file baseless papers. "Even if the careless litigant *quickly* dismisses the action, the harm triggering Rule 11's concerns has already occurred." *Id.* (emphasis added). While early dismissal may limit the harm to a minimal level, the court's jurisdiction is not thereby impaired or limited to consider the matter. It bears noting that the dismissal in the present case did not occur until over one year after the petition was filed.

Moreover, "[i]f a litigant could purge his violation of Rule 11 [or section 2011] merely by taking a dismissal, he would lose all incentive to 'stop, think and investigate more carefully before serving and filing papers.'" *Id.* (citations omitted). Therefore, contrary to what Plaintiff herein asserts, the fact that a plaintiff is "operating

---

**1.** Rule 41(a) permits a plaintiff to dismiss an action without prejudice only when he files a notice of dismissal before the defendant files an answer or motion for summary judgment, and only if the plaintiff has not previously dismissed an action based on or including the same claim. Under section 684, "[a] plaintiff may, at any time before the trial is commenced, on payment of the costs and without any order of court, dismiss his action after the filing of a petition of intervention or answer praying for affirmative relief, but such dismissal shall not prejudice the right of the intervenor or defendant to proceed with the action."

within the time frame granting him the discretion to dismiss voluntarily," and the fact that a plaintiff is precluded from refiling the action do not and should not preclude the subsequent consideration of a sanctions motion. The differences between the language of Rule 41 and section 684 are of no effect.

The order of the trial court finding that it lacked jurisdiction to hear Willow Creek's section 2011 motion is reversed. The cause is remanded for a determination of whether the conduct alleged violated the scope and purpose of section 2011.

REIF, P.J., and BRIGHTMIRE, J., concur.