**BAPTIST MEDICAL CENTER OF OKLAHOMA, INC., Plaintiff–Appellee,**

v.

**Indalecio A. AGUIRRE, Defendant–Appellant.**

No. 84933.

Supreme Court of Oklahoma.

Dec. 24, 1996.

Barry K. Roberts and B. David Sisson, Norman, for Defendant–Appellant.

Robert T. Luttrell, III and John K. Williams, Williams, Luttrell & Boren, P.C., Oklahoma City, for Plaintiff–Appellee.

OPALA, Justice.

 The dispositive issue on certiorari is whether the district court *must defer* to the Workers' Compensation Court [WC court] the tendered issue of an injured worker's liability for medical bills incurred in treatment of a compensable injury when the latter tribunal's jurisdiction is invoked *during the pendency* of a health care provider's [district court] action for recovery on open account against the worker. We answer in the affirmative.

## I

## THE ANATOMY OF LITIGATION

Indalecio Aguirre [Aguirre, injured worker or worker] was injured on November 18, 1993 and treated at the Baptist Medical Center of Oklahoma, Inc. [BMC or health care provider] for four days. Upon his admission, Aguirre informed BMC his expenses were covered by WC insurance. BMC commenced a district court action on August 31, 1994 to recover against Aguirre for medical services rendered "on open account" as well as for its counsel fees and costs. BMC pressed for default judgment when Aguirre failed to answer its petition. Aguirre then moved to stay or dismiss the action. He argued that on October 18, 1994 he had invoked the jurisdiction of the WC court by filing a Form 3 [1] against his employer, ZMD, Inc., d/b/a Advanced Solutions, and that BMC's remedy now lay solely in the latter tribunal. According to BMC's argument below, ZMD was without compensation insurance coverage and bankrupt.

On *December 2, 1994* the district court gave default judgment to BMC with counsel fees and costs.[2] Seven days later (on *December 9, 1994*) Aguirre moved to stay the proceedings and to vacate the judgment, reasserting the jurisdictional challenge pressed in his earlier dismissal quest. The trial court's *February 16, 1995* order denied Aguirre's motion to vacate. Aguirre appealed from the motion's denial.

Because Aguirre's vacation quest was filed within ten days of the default judgment's entry, we will treat it as a new trial motion. A timely-brought motion for new trial will extend appeal time for review of a judgment (or order) until the disposition's memorial is filed.[3] Aguirre's *December 9* motion to vacate the *December 2* default judgment ex-

---

1. Aguirre's Form 3 states that his left hand, wrist, arm, elbow biceps and shoulder were injured when his left arm was pulled between the rolls of a roller coater.

2. The trial court's rulings that followed two hearings (on *November 9, 1994* and *December 1, 1994*) were memorialized in a December 2, 1994 journal entry: (1) at the *November 9 hearing* on Aguirre's motion to stay or dismiss the action, the trial court (a) *found* Aguirre had filed no answer, (b) *ruled* that it had jurisdiction of the cause, of the subject matter and of the parties and (c) *gave* Aguirre 20 days either to file an answer or secure a stay from the Supreme Court; (2) at the *December 1, 1994 hearing* on BMC's motion for default judgment, the trial court (a) *determined* that no answer had been filed, (b) *noted* that the cause had not been stayed, (c) *adjudged* Aguirre to be in default, and (d) *ruled* that Aguirre was indebted to BMC for $11,647.18, together with interest, costs of $101.40 and counsel fee of $1,747.08.

On November 28, 1994, Aguirre asked that this court assume original jurisdiction and prohibit the trial judge from entering default judgment for BMC. He later suggested his plea for relief stood mooted by the district court's December 2, 1994 entry of default judgment for BMC. The original proceeding was accordingly dismissed on January 18, 1995. *Aguirre v. The Hon. Niles Jackson* (Sup.Ct. No. 84,666)(1995).

3. The terms of 12 O.S.Supp.1993 § 990.2(A) provide in pertinent part:

A. Post-Trial Motions Filed Within Ten (10) Days. Where a post-trial motion for a new trial ... is filed within ten (10) days after the ... final order is filed with the court clerk, an appeal shall not be commenced until an order disposing of the motion is filed with the court clerk. * * *

*Salyer v. National Trailer Convoy, Inc.*, Okl., 727 P.2d 1361, 1363 (1986).

tended appeal time until its denial on *February 16, 1995.* The filing of an amended petition in error—within 30 days of the *entry* of the vacation request's denial (on *February 24, 1995* )—was timely effected.[4]

The Court of Civil Appeals reversed the nisi prius decision, reasoning that (a) subject matter jurisdiction over work-related medical bills lies exclusively in the WC court and (b) until expiration of the full statutory period within which a worker may file a claim, the district court has no cognizance of a medical care provider's claim for services rendered to an injured worker. We granted certiorari on BMC's petition to settle an apparent conflict of jurisdiction and now, for the reasons to be explained, vacate the Court of Civil Appeals' opinion and reverse the trial court's judgment.

**II**

**MATERIAL ATTACHED TO SUPPLEMENTAL BRIEF, WHICH WAS NOT INCLUDED IN THE APPELLATE RECORD**

The worker sought to strike from BMC's supplemental brief on certiorari certain pleading material filed in the District Court, Oklahoma County, *in an unrelated case,* which was represented as having been attached in violation of Rule 18, Rules of the Supreme Court.[5]

4. Aguirre's petition in error, initially filed January 18, 1995, was too early because the district court's (January 5, 1995) refusal to vacate the default judgment was not *entered* until February 16, 1995. The amended petition in error (of February 24, 1995) was hence timely brought.

5. The pertinent terms of Rule 18, Rules of the Supreme Court, 12 O.S.1991, Ch. 15, App. 1, are:
 * * * Except for photostatic copies of cases relied upon, materials not included in the appellate record may not be copied in or attached to the brief. * * *

6. *Dyke v. Saint Francis Hospital, Inc.,* Okl., 861 P.2d 295, 300 (1993); *Hulsey v. Mid–America Preferred Ins. Co.,* Okl., 777 P.2d 932, 936 (1989); *Chamberlin v. Chamberlin,* Okl., 720 P.2d 721, 723 (1986); *Frey v. Independence Fire and Casualty Co.,* Okl., 698 P.2d 17, 20 (1985); *Eckel v. Adair,* Okl., 698 P.2d 921, 925 (1985).

7. 85 O.S.1991 §§ 1 et seq.

We agree the material must be stricken. The cited rule prohibits litigants from appending to the briefs on review *any material* not included in the record prepared for the appeal.[6] The motion is accordingly sustained and the clerk is directed to *sever* and *remove* the *offending* attachment from BMC's April 15, 1996 supplemental brief.

**III**

**PRIMARY JURISDICTION OF THE WC COURT OVER COVERED EMPLOYEE'S MEDICAL TREATMENT EXPENSE**

*The Interplay of Worker/Employer–Carrier Liability Under The WC Act*

The worker's statutory right to be relieved from the costs of medical treatment for a compensable injury is accommodated *not* so much by jurisdictional boundaries that separate the cognizance of the district court from that of the compensation tribunal as it is by the *distinct concepts of legal obligation* owed by the employer, the insurer and the worker. The interplay of these divergent liabilities is governed by the WC Act.[7] Section 14 of the Act *makes the employer responsible* for the injury-related medical treatment of a covered employee.[8] The *employer's* liability extends to those claims for necessary medical services which have been *presented and allowed* by the WC court.[9]

8. The pertinent terms of 85 O.S.Supp.1993 § 14(A) (the statute in effect at the time of injury), provides:
 A. The employer shall promptly provide for an injured employee such medical, surgical or other attendance or treatment, nurse and hospital service, medicine, crutches, and apparatus as may be necessary after the injury. * * *.
 *Bilecki v. Service Collection Association, Inc.,* Okl., 732 P.2d 452, 453–454 (1986).

9. It is only after a claim has been filed, and the WC court has adjudged the injury as work-related, that a medical care provider may seek reimbursement in an ancillary WC proceeding for medical services rendered under the Act. *Romero v. Workers' Compensation Court,* Okl., 863 P.2d 1251, 1254 (1993); *Patterson Steel Co. v. Smith,* Okl., 353 P.2d 126, 128–129 (1960); *Commercial Cas. Ins. Co. v. E.B. Cooke Service Station,* 165 Okl. 36, 24 P.2d 1007, 1010 (1933).

Until the trial tribunal has ruled otherwise, the *primary* obligation of the employer is *fully co-extensive* with that of the injured worker.[10] Before the WC court has either *imposed* upon or *absolved* the employer from liability, the worker is to be regarded as immune from individual accountability that would be imposable in the district court for self-procured health care expense arising from treatment of a compensable injury.

### Duality of Jurisdiction

■ Because health-care-related liability in a compensation case stands imposed, in the first instance, on the employer,[11] the WC court has *primary jurisdiction* not only of compensation claims but also of ancillary quests by providers for approval of their necessary medical services.[12] Once the WC court's jurisdiction is invoked and the district court has been given proper notice that the former tribunal has the claim *sub judice*, the

*latter forum must defer* to the *primary jurisdiction* of the WC court and await that forum's adjudication.[13] In short, the worker is not to be deemed liable in a district court action for medical treatment arising from a compensable injury until the WC court has acted in a pending claim by either imposing liability upon the employer or absolving it from the statutory burden.

■ When Aguirre formally *apprised* the district court of the WC claim's pendency, it was the trial court's duty *to reinquire into its own jurisdiction of the case with a view to deciding if, at that point, the provider's demand was in fact cognizable in a different forum.*[14] If satisfied that a WC claim for the accident in which the worker sustained an injury was *then pending*, the trial court would be under a duty to stay further proceedings in the action and await the outcome of the compensation case. The district court's power would be deemed re-

---

**10.** The pertinent terms of 85 O.S.1991 § 64(B) provide:

> (b) Every such policy shall contain a provision that ... jurisdiction of the employer shall ... be jurisdiction of the insurance carrier, and that the insurance carrier shall in all things be bound by and subject to the orders, findings, decisions or awards rendered against the employer for the payment of compensation.
> * * *

*Commercial Cas., supra* note 9 at 1010.

**11.** The employer is the *primary* obligor, whether it is a self-insurer or is insured by an independent carrier. In the event an insurance carrier becomes insolvent, it is the employer who is liable for compensation due under the terms of an award. *Rucks–Brandt Const. Corporation v. Silver*, 194 Okl. 324, 151 P.2d 399, 401 [1944].

**12.** *Romero, supra* note 9 at 1254; *Rhynes v. Epperson*, Okl., 606 P.2d 565, 566 (1980); *Bilecki, supra* note 8 at 454.

**13.** *Romero, supra* note 9 at 1254; *Bilecki, supra* note 8 at 454; *Rhynes, supra* note 12 at 566. The doctrine of primary jurisdiction " 'does not necessarily allocate power between courts and agencies, for it governs only the question whether the court or agency will *initially* decide a particular issue, not the question whether court or agency will *finally* decide the issue.' " *Fent v. Oklahoma Natural Gas Co.*, Okl., 898 P.2d 126, 134 (1995), quoting from *Sears, Roebuck & Co. v. San Diego Cty., Etc.*, 436 U.S. 180, 199 n. 29, 98 S.Ct. 1745, 1758 n. 29, 56 L.Ed.2d 209 (1978) (quoting Professor Davis, 3 K. Davis, Administrative Law Treatise § 19.01, p. 3 (1958) (emphasis

in original)). In *Fent, supra*, the court noted that the *primary jurisdiction* doctrine, which is used where a claim is originally cognizable in federal courts, comes into play whenever adjudication of the claim calls for resolution of issues which under a regulatory scheme had been placed within the special competence of an administrative agency. *See, e.g., United States v. Western Pacific Railroad Co.*, 352 U.S. 59, 64, 77 S.Ct. 161, 165, 1 L.Ed.2d 126 (1956); *Marshall v. El Paso Natural Gas Co.*, 874 F.2d 1373, 1376–1377 (10th Cir.1989); *Fent, supra* at 134. A district court's judicial process will be suspended pending disposition of the issues referred to the administrative body. *Western Pacific Railroad, supra; Marshall, supra*. This court has recognized the primary jurisdiction doctrine as applicable to WC issues. *See in this connection Stipe v. Theus*, Okl., 603 P.2d 347, 349–350 (1979)(where the court appears to have invoked the primary jurisdiction doctrine without adopting it by name).

**14.** It is this court's duty to inquire *sua sponte* not only into its own jurisdiction but also into the cognizance of the court whence the case came by appeal or on certiorari. *Chickasaw Telephone Co. v. Drabek*, Okl., 921 P.2d 333, 337 (1996); *Lincoln Bank and Trust v. Tax Com'n*, Okl., 827 P.2d 1314, 1318 n. 14 (1992); *Fields v. A & B Electronics*, Okl., 788 P.2d 940, 941 (1990); *Hall v. Edge*, Okl., 782 P.2d 122, 124 (1989); *Cate v. Archon Oil*, Okl., 695 P.2d 1352, 1356 n. 12 (1985); *Spain v. Kernell*, Okl., 672 P.2d 1162, 1164–1165 (1983); *Woods Petroleum Corp. v. Sledge*, Okl., 632 P.2d 393, 394 (1981); *Pointer v. Hill*, Okl., 536 P.2d 358, 361 (1975); *Hayhurst v. Hayhurst*, Okl., 421 P.2d 257, 260 (1966).

stored *after final* adjudication of the *employer's obligation* has been effected in the WC proceeding.

 We are of course mindful of the language in 85 O.S.Supp.1996 § 14(E) by which the district court appears to be "ousted" of its cognizance over *actions* that deal with a worker's medical expense. The pertinent terms of § 14(E) are:

"* * * The order of the judge [for payment of medical expenses] shall be subject to the same *appellate procedure set forth in Section 3.6 of this title for all other orders of the Court.* The right to recover charges for every type of medical care for personal injuries arising out of and in the course of covered employment as herein defined, shall lie solely with the Workers' Compensation Court, and all *jurisdiction of the other trial courts of this state over such action is hereby abolished.* * * *"
(Emphasis added.)

In light of the provisions of Art. 7 § 7, Okl. Const.,[15] which confer on the district court *unlimited original jurisdiction,* the attempted *statutory ouster*—in § 14(E)—must be treated as no more than a legislative call for that constitutional forum's *mandated deference* to the WC court's unimpaired power over *its* pending claims. Today's pronouncement gives that very meaning to the quoted provisions of § 14(E). When a statute is susceptible to more than one construction, it must be given that meaning which will free it from constitutional doubt rather than one which would leave it fraught with some lingering fundamental-law infirmities.[16]

## IV

## AGUIRRE'S QUEST FOR COUNSEL-FEE AWARD AND COSTS

 Although Aguirre *was* the victorious party in the Court of Civil Appeals, his claim for appeal-related counsel-fee award and costs was left unaddressed by that court. He now seeks the same relief from this court, together with certiorari-related legal expenses. Much like taxable costs, counsel fees for appeal-related services may be judicially authorized in the case in which the services were performed.[17]

 Aguirre may be allowed a counsel-fee award if his plea for that award falls into one or more categories enumerated in 12 O.S.1991 § 936.[18] BMC's petition framed its action as one "for care and services rendered" to Aguirre "on an open account."[19] The trial court treated BMC's claim as an "action" within the meaning of § 936[20] and awarded it counsel fees as the prevailing party [plaintiff] in the case.[21] Where, as here, there is statutory authority to allow an

15. The pertinent provisions of Art. 7, § 7, Okl. Const., are:

"(a) * * * The District Court shall have *unlimited original jurisdiction* of all justiciable matters, except as otherwise provided in this Article, and such powers of review of administrative action as may be provided by statute. * * *" (Emphasis added.)

16. *Tate v. Browning–Ferris, Inc.,* Okl., 833 P.2d 1218, 1229 (1992); *State v. Okl. State Bd. For Property & Cas. Rates,* Okl., 731 P.2d 394, 398–399 (1987); *Ricks Exploration Company v. Oklahoma Water Resources Board,* Okl., 695 P.2d 498, 504 (1985); *Neumann v. Tax Com'n.,* Okl., 596 P.2d 530, 532 (1979); *Wilson v. Foster,* Okl., 595 P.2d 1329, 1333 (1979).

17. *Thielenhaus v. Thielenhaus,* Okl., 890 P.2d 925, 934 (1995); *Chamberlin, supra* note 6 at 728.

18. The terms of 12 O.S.1991 § 936 are:

"In any *civil action to recover on an open account,* a statement of account, account stated, note, bill, negotiable instrument, or contract relating to the purchase or sale of goods, wares, or merchandise, or for labor or services, unless otherwise provided by law or the contract which is the subject to the action, the prevailing party shall be allowed a reasonable attorney fee to be set by the court, to be taxed and collected as costs." (Emphasis added.)

19. When a plea for an appeal-related attorney's fee is made to the Court of Civil Appeals, either in the brief or during the rehearing stage, and that court fails to address the issue, the pleader may later seek the same relief in the Supreme Court. *Chamberlin, supra* note 6 at 728.

20. For the pertinent terms of 12 O.S.1991 § 936, see *supra* note 18.

21. *Russell v. Flanagan,* Okl., 544 P.2d 510, 512 (1975), teaches that a § 936 counsel-fee award is limited to a civil action for labor or services. It does not extend to *contracts* for labor or services. *Holbert v. Echeverria,* Okl., 744 P.2d 960, 965–966 (1987).

attorney's fee at the trial level, additional fees may be assessed for legal services rendered in an appellate court.[22]

 On remand, upon due notice and adversarial hearing, the trial court is accordingly authorized to allow the victorious defendant a reasonable counsel-fee award for services rendered not only in the trial court, but also for those that are incident to appeal and certiorari, together with taxable costs in the nisi prius action.[23] Costs in this court shall stand taxed to BMC.

### V

### SUMMARY

The health care provider offended the rule that prohibits the parties from attaching to the briefs on review any material not included in the record prepared for the appeal.

 An injured worker covered by WC is entitled to the protection afforded by the WC law from liability for medical treatment incidental to the on-the-job injury. Once an inquiry determines that a *WC claim* is pending, a stay of district court proceedings is the claimant's due. Until the employer has been absolved of liability, the worker is immune from district court accountability to the health care provider for services rendered in treatment of a compensable injury.

On due notice and upon adversarial hearing, the trial court may, on remand, allow the victorious defendant a reasonable counsel fee for services rendered not only in the trial court, but also for those incident to appeal and certiorari, together with all costs taxable in the nisi prius action. Costs in this court shall be taxed to BMC.

**ON CERTIORARI PREVIOUSLY GRANTED, THE COURT OF CIVIL APPEALS' OPINION IS VACATED; THE TRIAL COURT'S JUDGMENT IS REVERSED AND THE CAUSE REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH TODAY'S PRONOUNCEMENT.**

ALMA WILSON, C.J., KAUGER, V.C.J., and HODGES, LAVENDER and OPALA, JJ., concur.

SIMMS, SUMMERS and WATT, JJ., concur in result.

HARGRAVE, J., concurs in part and dissents in part.

---

**22.** *Sisney v. Smalley*, Okl., 690 P.2d 1048, 1051 (1984).

**23.** The fee to be awarded on remand for the value of services performed in the trial court must be confined to those which went to defeating the plaintiff's claim. *See LPCX Corporation v.*

*Faulkner*, Okl., 818 P.2d 431, 443 (1991), where the court held that the plaintiff there was entitled to an attorney's fee for *successfully defending against a counterclaim* to foreclose an operator's contractual lien (for services and expenditures on a well).