**PROFESSIONAL CREDIT COLLECTIONS, INC., an Oklahoma corporation, Appellee,**

v.

**Deborah SMITH, now Herrington, Appellant,**

**and**

**David L. Smith, Defendant.**

**No. 85241.**

Supreme Court of Oklahoma.

March 4, 1997.

**13.** See Comment e, § 7, RESTATEMENT (THIRD), supra note 11.

**14.** See, e.g., Shebester v. Triple Crown Insurers, 974 F.2d 135, 137 (10th Cir.1992).

Philip R. Campbell, Tulsa, for appellant.

Malcolm P. Hammond, Tulsa, for appellee.

OPALA, Justice.

We are asked to decide if, after a defendant's success in vacating a default judgment against her, the plaintiff may—by voluntarily dismissing her as a party defendant in the *action on an open account*—avoid liability for her pre-dismissal attorney's fees. We answer in the negative.

Professional Credit Collections, Inc. (PCC), as collection agent for a dentist, sued a formerly-married couple (David and Debbie Smith) to recover on an open account. When neither could be served personally, PCC resorted to service by publication and secured a default judgment. Mrs. Smith's wages were sought to be garnished. She then employed counsel. The trial court vacated the default judgment, stopped further garnishment process, and allowed her additional time to answer. One day before her counsel answered PCC *dismissed* Mrs. Smith as a party defendant in the case The trial court denied Smith's request for counsel-fee award. The appellate court affirmed. Both courts appear to have rested their decision on Smith's lack of *prevailing-party* status. We hold her successful vacation of default judgment entitles her to prevailing-party status in this case, and direct that, on remand, the court proceed in a manner consistent with today's pronouncement.

## I.

## THE ANATOMY OF LITIGATION

On *April 22, 1994* appellee PCC sued both David Smith (who had incurred unpaid medical charges in 1992) and Debbie Smith (Mrs. Smith). The couple had divorced on *April 29, 1991.* Mrs. Smith's health insurance carrier at Southwestern Bell (her then-employer) had paid for David's dental bills during the marriage. Attached to PCC's petition was the "Smith family" dental account statement—dated from 1980—which showed Mrs. Smith's insurance carrier had partially paid David's dental expenses three times in 1992, the year after the two divorced.

The private server attempted to deliver summons to both defendants. Neither was found. After service by publication, a default judgment was given. Mrs. Smith's wages at Bell became the target of garnishment efforts. She contacted counsel, who moved to vacate the judgment, quash the attempted garnishment, and secure counsel fees.

The trial court granted the motion to vacate, stopped the attempted garnishment process, denied Smith's quest for attorney's fees, and gave her 30 days to further plead or answer. Four days later, on November 1, 1994, PCC dismissed Debbie Smith (but not David) from its suit. The next day, Smith's counsel filed her answer and cross-claims (against David and PCC).

PCC resisted Smith's effort to secure a counsel-fee award, arguing that the trial court lacked jurisdiction to act in the case. PCC's other argument was that since Smith's counsel took the case on a contingency-fee basis, she *did not incur* any expenses. PCC, *but not Debbie Smith,* then moved for sanctions.

The nisi prius court *declined* to award Smith attorney's fees. PCC's quest for sanctions was *denied.* Smith sought appellate review, arguing that she was the "prevailing party" under the provisions of 12 O.S.1991 § 936.[1] The Court of Civil Appeals rejected

1. The provisions of 12 O.S.1991 § 936 are:
   "*In any civil action to recover on an open account,* a statement of account, account stated, note, bill, negotiable instrument, or contract re- lating to the purchase or sale of goods, wares, or merchandise, or for labor or services, unless otherwise provided by law or the contract which is the subject to the action, *the prevailing party*

the argument and affirmed the nisi prius order. Its opinion holds that because a "prevailing party" is one who has received affirmative relief, and Smith did not secure any before PCC's voluntary dismissal, she cannot qualify for counsel-fee award. On certiorari, Smith does not complain that PCC's voluntary dismissal and the trial court's refusal to proceed prejudiced her cross-claims. Her *sole claim* is that she is entitled to a "prevailing party" status.

## II.

### IN AN ACTION ON AN OPEN ACCOUNT, A DEFENDANT WHO HAS SECURED AFFIRMATIVE RELIEF MAY BE CONSIDERED THE PREVAILING PARTY, AND THE PLAINTIFF CANNOT, BY A VOLUNTARY DISMISSAL OF THAT DEFENDANT, DEFEAT ITS LIABILITY FOR STATUTORY COUNSEL FEE

■ The *prevailing party* may recover an attorney's fee in an action on an open account.[2] Both the trial and appellate courts in the case here in contest concluded that Smith does not qualify for the "prevailing party" status. In reaching this conclusion they overlooked the interplay of the text in 12 O.S.1991 § 684, which governs *voluntary dismissals*,[3] with the provisions of 12 O.S.1991 § 936.

■ The provisions of § 684 allow a voluntary dismissal of an action without an order of court upon payment of costs at any time *before* affirmative relief is sought against the plaintiff.[4] For a meaningful analysis of this case the § 684 language must be applied in harmony with the terms of § 936. The test for an effective cost-escaping § 684 voluntary dismissal does not depend on whether a prevailing party has yet been determined. Instead, the key is whether, before plaintiff's voluntary dismissal, the defendant has requested affirmative relief against the plaintiff.

■ Smith's motion to vacate the default judgment was indeed her *quest for affirmative relief.* The trial court's ruling in Smith's favor fully satisfied the § 936 requirement that she be successful in the case. Smith's dismissal as a party defendant, *after* her successful participation in the vacation process, came too late for PCC to escape its § 936 liability for counsel-fee award. By the unmistakably clear § 936 standards Smith's success in vacating the judgment placed her in the status of "prevailing party" entitled to an attorney's-fee award.

Because Smith's plea for affirmative relief was invoked *before* her dismissal from the action, there was no impediment to the trial court's *post-dismissal* consideration of her request for attorney's fees.[5]

shall be allowed a reasonable attorney fee to be set by the court, to be taxed and collected as costs."

**2.** See, supra, note 1.

**3.** The provisions of 12 O.S.1991 § 684 are:
· "A plaintiff may, on the payment of costs and without an order of court, dismiss any civil action brought by him at any time before a petition of intervention or answer praying for affirmative relief against him is filed in the action. A plaintiff may, at any time before the trial is commenced, on payment of the costs and without any order of court, dismiss his action after the filing of a petition of intervention or answer praying for affirmative relief, but such dismissal shall not prejudice the right of the intervenor or defendant to proceed with the action. Any defendant or intervenor may, in like manner, dismiss his action against the plaintiff, without an order of court, at any time before the trial is begun, on payment of the costs made on the claim filed by him. All parties to a civil action may at any time before trial, without an order of court, and on

payment of costs, by agreement, dismiss the action. Such dismissal shall be in writing and signed by the party or his attorney, and shall be filed with the clerk of the district court, the judge or clerk of the county court, or the justice, where the action is pending, who shall note the fact on the proper record: Provided, such dismissal shall be held to be without prejudice, unless the words 'with prejudice' be expressed therein."

**4.** See, supra, note 3.

**5.** See Stites v. Duit Construction Company, Inc., Okl., 903 P.2d 293, 300 (1995); Swick v. Swick, Okl., 864 P.2d 819, 821 (1993); Mullis v. Mullis, Okl., 669 P.2d 763, 765 (1983). These cases are distinguishable from Swan–Sigler, Inc. v. Black, Okl., 414 P.2d 300 (1966), where it was held that a prayer for an attorney's fee in an answer was not a request for affirmative relief. In Swan–Sigler, no affirmative relief in favor of the defendant was entered before plaintiff's voluntary dismissal.

■ The definition of a prevailing party cannot narrowly be confined to one who obtains *judgment* after a trial on the merits. The operative factor under § 936 is *success,* not the particular stage at which success is achieved.[6] When Smith prevailed in the judgment's vacation, she, as recipient of affirmative relief, clearly became the successful party.[7] PCC's statutory power to dismiss an action does not include the authority to wipe the slate clean of *prior orders* in the case which bear directly on its counsel-fee liability.[8]

It is of no consequence here that both § 936 (which allows attorney's fees to be taxed and collected as costs) and § 684 (which allows dismissal upon payment of costs before affirmative relief is sought) treat attorney's fees as an item of costs. Payment of taxable costs to the court clerk does not prevent the trial court from awarding Smith her statutory counsel fee as prevailing party, whether attorney's fees are to be viewed as recovery or as ordinary costs.[9] A dismissal's impact on cost and on counsel-fee liability may be decided in a post-dismissal stage.[10]

■ There is another reason why Smith, as a dismissed defendant, must prevail in her quest for recovery of attorney's fees. A statute violates equal access to the courts when it treats—for attorney's fee purposes—the victorious plaintiff differently from a successful defendant.[11] If in this case PCC had defeated the vacation quest, it would have been entitled to an attorney's fee for legal services rendered in its behalf. Because equal protection demands like treatment, Smith also is entitled to the same benefit. In her counsel-fee quest Mrs. Smith must be viewed as standing on a footing equal with PCC.[12]

■ Because Smith is entitled to attorney's fees up to the dismissal stage, she is also allowed a reasonable award for legal services on appeal and certiorari.[13] Where, as here, there is statutory authority for a counsel-fee allowance at the trial level, additional compensation may be assessed for legal services rendered in an appellate court.[14] After mandate, the trial court is accordingly directed to conduct an evidentiary hearing, upon due notice to the parties, with a view to setting a reasonable fee for the value of Smith's legal services in the pre-dismissal trial-court proceedings, and for her like appeal-and certiorari-related services.

## SUMMARY

Smith is to be treated as a prevailing party under the terms of § 936, based upon her victorious status in the vacation proceeding. Her quest for the judgment's vacation satisfies the *affirmative relief requirements* of § 684. She is entitled to a reasonable counsel fee for trial-related services. After mandate has issued, the trial court, on due notice to the parties, is authorized also to award her appeal-and certiorari-related attorney's fees, all to be taxed against PCC.

**ON CERTIORARI PREVIOUSLY GRANTED, THE COURT OF CIVIL APPEALS' OPINION IS VACATED, THE TRIAL COURT'S ORDER DENYING A COUNSEL–FEE AWARD REVERSED, AND THE CAUSE REMANDED FOR**

**6.** *Parker v. Matthews,* 411 F.Supp. 1059 (U.S.D.C. 1976).

**7.** *Kelly v. Maupin,* 177 Okl. 44, 58 P.2d 116, 118 (1936).

**8.** *See Kelly v. Maupin, supra,* note 7, 58 P.2d at 118.

**9.** *Moses v. Hoebel,* Okl., 646 P.2d 601, 605 (1982).

**10.** *Moses v. Hoebel, supra,* note 9, at 603.

**11.** *Thayer v. Phillips Petroleum Company,* Okl., 613 P.2d 1041, 1045 (1980); *Chicago, R.I. & P.*

*Ry. Co. v. Mashore,* 21 Okl. 275, 96 P. 630, 633 (1908).

**12.** *See Thayer v. Phillips Petroleum Company, supra,* note 11, at 1045; *Chicago, R.I. & P. Ry. Co. v. Mashore, supra,* note 11, 96 P. at 633.

**13.** *Thielenhaus v. Thielenhaus,* Okl., 890 P.2d 925, 934 (1995); *Chamberlin v. Chamberlin,* Okl., 720 P.2d 721, 723 (1986); *Baptist Medical Center of Oklahoma v. Aguirre,* 930 P.2d 213, 217–20 (1996).

**14.** *Sisney v. Smalley,* Okl., 690 P.2d 1048, 1051 (1984); *Baptist Medical Center of Oklahoma v. Aguirre, supra,* note 13.

FURTHER PROCEEDINGS CONSIS-
TENT WITH THIS PRONOUNCEMENT.

KAUGER, C.J., and HODGES, HARGRAVE, OPALA, ALMA WILSON and WATT, JJ., concur.

SUMMERS, V.C.J., concurs in part and dissents in part.

LAVENDER and SIMMS, JJ., dissent.

SUMMERS, Vice Chief Justice, concurring in part and dissenting in part.

I too would remand, but for the limited purpose of affording the Defendant a hearing on her motion for sanctions and attorney's fee pursuant to 12 O.S.1991 § 2-11. *Berko v. Willow Creek I,* 812 P.2d 817 (Okl.App.1991).