**BAPTIST MEDICAL CENTER OF OKLAHOMA, INC., now known as Integris Baptist Medical Center, Inc., Plaintiff/Appellant,**

v.

**Linda Kay WILLIS, Defendant/Appellee.**

No. 87131.

Court of Civil Appeals of Oklahoma, Division No. 1.

April 15, 1997.

Certiorari Denied June 24, 1997.

---

**156**

Robert T. Luttrell, III, Oklahoma City, for Appellant.

B.J. Cooper, William C. McAlister, Oklahoma City, for Appellee.

1. Ms. Willis filed her Form 3 on January 18, 1991, claiming injury to her knee.

2. The Supreme Court originally recalled this appeal pending decision in *Baptist Medical Center*

*OPINION*

HANSEN, Presiding Judge.

Linda Willis sustained a job related injury to her knee which required surgery, performed at Baptist Medical Center. The bill sent to her employer's insurance carrier, the State Insurance Fund, did not indicate any amount was due from Claimant. Baptist received partial payment from the State Insurance Fund pursuant to an order of the Workers' Compensation Court dated January 19, 1994.[1] On March 23, 1994, Baptist filed an action against Ms. Willis for the balance. The bill attached to its petition showed the services were for an injury covered by workers' compensation.

On May 1, 1995, the trial court entered a default judgment for $7,002.40 in favor of Baptist. Baptist then filed for a hearing on assets. Before the hearing, Ms. Willis filed a special entry of appearance and motion to dismiss claiming the district court lacked jurisdiction because the charges were for treatment for work related injuries covered by her workers' compensation action. Ms. Willis failed to appear except through counsel. The trial court issued a contempt citation against her for failure to appear in person.

On July 14, 1995, Ms. Willis, pursuant to 12 O.S.1991 § 1038, filed a motion to vacate void judgment and all post-judgment proceedings. Pending hearing on the motion to vacate, on September 6, 1995, Baptist filed a release and satisfaction of the judgment entered on May 1, 1995 in full satisfaction of any and all claims against Ms. Willis. After hearing, the trial court granted Ms. Willis's motion and dismissed the case. It overruled Baptist's motion for new trial and Baptist appeals to this Court.[2]

Baptist contends because it released its judgment, Ms. Willis's motion to vacate was moot. It also submits the district court did have concurrent jurisdiction over the action pursuant to Art. 7 § 7 of the Oklahoma Constitution. Otherwise, Baptist submits, 85

of *Oklahoma, Inc. v. Aguirre*, 930 P.2d 213 (Okla. 1996). That Court reassigned the appeal to this Court on February 11, 1996 for disposition.

O.S.1995 § 14(E) is unconstitutional. Section 14(E) provides:

> The right to recover charges for every type of medical care for personal injuries arising out of and in the course of covered employment as herein defined, shall lie solely with the Workers' Compensation Court, and all jurisdiction of the other trial courts of this state over such action is hereby abolished.

This latter argument is successfully met by the most recent utterance on this subject by the Oklahoma Supreme Court in *Baptist Medical Center of Oklahoma, Inc. v. Aguirre,* 930 P.2d 213 (Okla.1996).[3] In *Aguirre,* Baptist also commenced a district court action to recover against a claimant for medical services rendered on an open account. The claimant moved to stay or dismiss the action, arguing he had invoked the jurisdiction of the Workers' Compensation Court. The Supreme Court reversed the district court's denial of the claimant's motion to vacate a default judgment against him. Speaking for the Court, Mr. Justice Opala stated:

> In light of the provisions of Art. 7 § 7, Okla. Const. which confer on the district court *unlimited original jurisdiction,* the attempted *statutory ouster*—in § 14(E)—must be treated as no more than a legislative call for that constitutional forum's *mandated deference* to the WC court's unimpaired power over *its* pending claims. Today's pronouncement gives that very meaning to the quoted provisions of § 14(E). When a statute is susceptible to more than one construction, it must be given that meaning which will free it from constitutional doubt rather than one which would leave it fraught with some lingering

fundamental-law infirmities. (emphasis in original, footnotes omitted) at p. 219.

The decision also holds the Workers' Compensation Court has *primary jurisdiction* not only of compensation claims but also of ancillary quests by medical providers for approval of their necessary medical services. "Once the WC court's jurisdiction is invoked and the district court has been given proper notice that the former tribunal has the claim *sub judice,* the *latter forum must defer* to the *primary jurisdiction* of the WC court and await that forum's adjudication." *Id.* at p. 220.

■ In this appeal, the district court was apprised of the workers' compensation action. Under *Aguirre,* Claimant is entitled to protection from district court liability for medical treatment incidental to her injury. "Until the employer has been absolved of liability, the worker is immune from district court accountability to the health care provider for services rendered in treatment of a compensable injury." *Aguirre* at 220.[4]

Herein, the Workers' Compensation Court had clearly imposed liability upon the employer for payment of Ms. Willis's claims. The primary jurisdiction of the Workers' Compensation Court had been invoked. Thus, any district court action imposing liability on Ms. Willis was without authority and subject to vacation.

■ In addition, at the time the trial court entered the default judgment, it was required to defer to the Workers' Compensation Court upon proper notice. It is immaterial that Baptist later filed a satisfaction of that judgement. That satisfaction does not cure the lack of primary jurisdiction at the time the trial court entered the default judgment. The trial court did not err in vacating

---

3. Prior to *Aguirre,* several decisions have addressed these issues. However, *Aguirre* resolves any issues not explained in these decisions. *See, Thomas v. Oklahoma Orthopedic & Arthritis Foundation,* 903 P.2d 279 (Okla.1995); *Romero v. Workers' Compensation Court,* 863 P.2d 1251 (Okla.1993); *Baptist Medical Center of Oklahoma, Inc. v. Transcon Lines,* 852 P.2d 139 (Okla.1993).

4. In *Aguirre,* at p. 218, the decision also holds "the worker is not to be deemed liable in a

district court action for medical treatment arising from a compensable injury until the WC court has acted in a pending claim by either *imposing* liability upon the employer or absolving it from the statutory burden." (Emphasis supplied.) Although this may appear somewhat inconsistent with the stated holding limiting jurisdiction only until the employer has been *absolved* of liability, this difference is not material to our decision today.

the default judgment in favor of Baptist and overruling its motion for new trial.

AFFIRMED.

JOPLIN, J., dissents.

BUETTNER, J., concurs.